## Smith v. The Chicago, R. I. & P. R. R. Co.

1. **Railroad:** LIABILITY FOR STOCK KILLED: LAW OF 1862. A railroad company is not liable under chapter 169, Laws of 1862, for cattle killed on its track, unless the same were running at large at the time of the accident.

2. —— It is accordingly *held*, that if cattle while being driven in charge of the owner or his servant, escape or run on to the track and are injured, the company is not liable.

*Appeal from Cass Circuit Court.*

FRIDAY, MARCH 28.

THE plaintiff brought his action before a justice of the peace, to recover, under section 6, chapter 169, Laws of 1862, double the value of a steer alleged to have been killed by the defendant's cars on the line of its road, at a place where the road was not fenced, and where the defendant had a right to fence. Judgment was rendered for plaintiff for $60.00. Upon appeal to the circuit court, a trial was had before a jury, which also resulted in a verdict and judgment for plaintiff. The defendant appeals. The necessary facts are stated in the opinion.

*Withrow & Wright* for the appellant.

*Loofbourow & Huse* for the appellee.

DAY, J. — The testimony shows that plaintiff and one McDaniels were driving sixty-six cattle along the high-way, about the time for the train to pass. It was muddy and the cattle were scattered along the road. The parties saw the train coming. McDaniels jumped on his horse and went to the crossing as quickly as he could. Part of the cattle were crossing the track. McDaniels rushed these across. Another portion came up, and McDaniels allowed them to cross. Smith then came up, and they tried to keep the rest of the cattle back, but they became frightened, and one ran below where these parties were, jumped upon the track, and was killed.

The defendant asked the court to instruct the jury as follows : " If the jury should find that the steer in question, at the time of the accident, was not running at large, but was in charge of plaintiff, the defendant will not be held absolutely liable under the statute, and the plaintiff cannot recover. " The court refused to give this instruction, and

instructed the jury as follows: "The fact that the animal was in charge of plaintiff, and was being driven by him at the time of the injury, will have no bearing on the case, unless the jury should find from the evidence that the injury was occasioned by the willful act of the plaintiff in driving the animal on the defendant's track." This action of the court the defendant assigns as error.

The statute, section 6, chapter 169, Laws of 1862, provides as follows: "Any railroad company hereafter running or operating its road in this State, and failing to fence such road on either or both sides thereof against live stock running at large, at all points where said roads have the right to fence, shall be absolutely liable to the owner of any live stock injured, killed or destroyed, by reason of the want of such fence or fences as aforesaid, for the value of the property so injured, killed or destroyed, unless the injury complained of is occasioned by the willful act of the owner or his agent."

Appellee claims that the words "running at large," as used in this statute, are not intended to limit the liability of railroad companies to injuries to stock that is running at large, but are used to describe the kind of fence the companies shall build, and that the statute renders the company liable, whether the stock injured is running at large or not. In this construction we cannot concur. Although the point here raised has never before been directly presented, yet all the decisions which have heretofore been rendered, under this statute, proceed upon an entirely different construction. See *Stewart* v. *B. & M. R. R. Co.*, 32 Iowa, 561; *Hinman* v. *C., R. I. & P. R.* *R. Co.*, 28 id. 491; *Fernow* v. *Dubuque and South Western R. R. Co.*, 22 id. 528; *Swift* v. *The North Missouri R. R. Co.*, 29 id. 243.

Suppose a party, without any willfulness, attempts to drive his team across a railroad track, at a point where there is no fence, and where the company has a right to fence,

and that an approaching train, without any negligence on the part of those conducting it, runs over and destroys the team. Here there is no willfulness upon the part of the owner, although the team is under his control. And under the construction contended for by appellee, and adopted by the court in the instruction given, the company would be liable, for the court charged the jury that "the fact that the animal was in charge of plaintiff, and was being driven by him at the time of the injury, will have no bearing on the case."

Surely this cannot be the fair and natural construction of this statute. Stock may lawfully run at large. The practice, in this State, has ever been to permit it to run at large. With a view to this law and this practice, and for the protection of stock thus running at large, the statute in question was passed. The case does not, necessarily, call upon us to define under what circumstances stock will be regarded as running at large.

In *Hinman* v. *C., R. I. & P. R. R. Co.*, 28 Iowa, 491, this language is used: "In our opinion, the words 'running at large,' as used in the section above named, import that the stock are not under the control of the owner, that they are not confined by inclosures to a certain field or place, nor under the immediate care of a shepherd or herdsman, that they are left to roam wherever they may go."

The court refused to instruct that if the steer was not running at large at the time of the accident, the defendant would not be liable under the statute, and gave to the jury an instruction involving the opposite doctrine. In this action the court erred. It is not necessary that we should consider the sufficiency of the evidence to support the verdict.

Reversed.