GROVE v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

Railroads: FAILURE TO FENCE: KILLING HORSES IN CHARGE OF DRUNKEN DRIVER. Horses hitched to a sleigh, and in charge of a driver who has become intoxicated and fallen into a drunken stupor, are not, when wandering about on the prairie, "stock running at large," within the meaning of section 1289 of the Code; and for the killing of such horses by a passing train at a place where it had the right to fence its track but did not, defendant was not liable under said section. (*Hinman v. Chicago, R. I. & P. Ry. Co.*, 28 Iowa, 494, *distinguished*).

*Appeal from Hancock District Court.*—HON. G. W. RUDDICK, Judge.

FILED, SEPTEMBER 8, 1888.

THIS is an action to recover double the value of two horses, which it is alleged were killed by a train of the defendant, at a point on its railroad where it had the right to fence its right of way and track, and failed to do so. There was a verdict and judgment for the defendant. Plaintiff appeals.

*A. F. Call*, for appellant.

*E. B. Soper* and *S. K. Tracy*, for appellee.

ROTHROCK, J.—The undisputed facts, as shown by the evidence, are, in substance, as follows: The plaintiff loaned his team to one Goeders, to go from Luverne to Livermore for a priest. Goeders hired one McCaffray to make the trip, and drive the team, which was hitched to a sleigh. McCaffray arrived at Livermore at about

dusk in the evening, and there remained until about ten o'clock in the night, when he started on his return to Luverne. While at Livermore he became very drunk, and shortly after leaving there he fell into a drunken stupor, and the team wandered off the road some two or three miles, and circled around on the open prairie, and brought up on the railroad track, and were struck by an engine and killed. McCaffray testified as a witness that he was in a profound sleep until after the team was killed. The statute provides that for a failure to fence a railroad the corporation operating the same shall be liable for damages done to "live stock running at large." Code, sec. 1289. The defendant moved the court to instruct the jury to return a verdict for the defendant, and the motion was sustained on the ground that the team was not running at large within the meaning of the statute. The question presented by the appeal is whether this ruling was correct. Counsel for appellant cites us to *Hinman v. Chicago, R. I. & P. Ry. Co.*, 28 Iowa, 494, and other cases determined by this court, and claims that, under the rule of the cited cases, the question as to whether the team was running at large should have been submitted to the jury. We do not think any of the cases relied upon sustain the claim of plaintiff. In all of them the animals were without a driver, and not under the control of any one. In the case at bar there was a driver in the sleigh. Plaintiff, in effect, contends that he was not a driver, because he was so drunk that he was insensible. We are, in effect, asked to hold that it is proper to consider the capacity of the driver in determining the question of whether the team was running at large. The law will not allow parties to enter upon any such an investigation. If it did, recovery might be had where a driver was incapacitated from controlling his team from any physical cause. Intoxication is punished as a crime in this state, and by the plaintiff's own showing the driver of his team voluntarily became drunk, and the drunkenness was the cause of the injury. We think the ruling of the district court was correct.          AFFIRMED.