W. H. MORRIS, Appellee, v. THE CHICAGO, GREAT WESTERN RAILWAY COMPANY, Appellant.

Railroads: KILLING OF STOCK: RUNNING AT LARGE: DOUBLE DAMAGES. NEW TRIAL. Stock is running at large, in the sense that a railway company is liable in double damages for killing the same, when it is not in the charge of or under the control of the owner; and where there is evidence that a railway crossing fence is and for some time has been defective, that plaintiff's cattle while being driven over the crossing broke through the fence and were killed by a passing train some distance from the

fence, and while the owner was endeavoring to recover them, the question of whether they were killed while running at large is for the jury; but an error in directing a verdict for defendant under such circumstances is cured by granting a new trial.

*Appeal from Marshall District Court.*— HON. GEO. W. BURNHAM, Judge.

TUESDAY, JANUARY 8, 1907.

ACTION for double damages due to the killing of certain cattle belonging to plaintiff by a train which was being operated on defendant's right of way, because of defendant's failure to properly fence the same. Trial to a jury, and directed verdict for defendant. Thereafter the court on motion set aside the verdict and directed a new trial. Defendant appeals.— *Affirmed.*

*J. L. Carney,* for appellant.

No appearance for appellee.

DEEMER, J.— The trial court directed a verdict because the cattle were not running at large at the time they were killed, but were in charge and control of the owner. Thereafter it evidently changed its mind and concluded that this was a question for the jury. Code, section 2055, provides, in substance, that every railway company failing and neglecting to fence its right of way in the manner prescribed shall be liable to the owner of any stock killed or injured by reason of the want of such fence, unless the damage was due to the willful act of the owner, and that to recover, it shall only be necessary for him to prove the loss of or injury to his property. Under certain conditions, double damages may also be recovered. This liability is only when the stock is running at large, and not while it is in the charge of or under the control of the owner. *Smith v. Railroad Co.,* 34 Iowa, 96; *Grove v. Railroad Co.,* 75 Iowa, 163. There was testi-

mony in the case tending to show a defective wing fence along one side of a public highway, crossing the right of way, through and over which the animals, which were killed, passed while being driven along the public highway, and that this fence had been in a defective condition for more than a month prior to the time the animals were killed. It also appears from the testimony that plaintiff had taken a lot of cattle to the town of Melbourne to be dehorned and was returning them to his place, which was across the railway right of way, when some of them got through the wing fence and went upon the right of way where two were killed by a passing train. When killed they were some six or eight rods from the highway crossing. Plaintiff testified that, when the cattle passed through or over the wing fence, he went after them and got all but the two which were killed. We now quote from his testimony as follows: " I was driving them all across when these four got through. I got them all across. They were all on the west side, and these four went in and I went across after them. I was right after them when the engine came. They ran down quite a little ways — maybe 10 or 15 rods. I had got them lack up that far — that is six or eight rods from the road — where they were killed. Those last two had taken the track, and I was trying to get them across when the train came, and was driving them. I had got them within six or eight rods from the fence. This was in September. These, I think, were the only two killed."

Upon this record a jury would have been justified in finding that defendant was negligent in not discovering and re pairing the defective wing fence before the accident occurred, that this defective fence was the approximate cause of the injury, and that the animals were killed while running at large within the meaning of the law. In *Hammond v. Railroad*, 43 Iowa, 168, it is held, in effect, that an animal is running at large when not under control of the owner; that, if it has escaped and the owner is unable to catch it, it is running at large. In the circumstances disclosed by this record,

we think it was for the jury to say whether the animals which were killed were running at large, and the trial court was in error in directing a verdict for defendant. This error was corrected by the ruling on the motion for a new trial. The matter of granting a new trial is peculiarly within the sound discretion of the trial court, and we see no reason in this case for interfering with that discretion.

The ruling sustaining the motion was correct, and it is *affirmed*.