## DAVIS *et al. v.* MILBURN.

Courts of equity follow the law in regard to matters of set-off, unless there is some intervening equity going beyond the statute of set-off, which constitutes the basis of set-off at law.

Such natural equity arises when there are mutual credits between the parties, or where there is an existing debt on one side, which constitutes the ground of a credit on the other, or where there is an express or implied understanding that the mutual debts shall be a satisfaction or set-off *pro tanto* between the parties.

The mere existence of distinct debts, without mutual credit, will not give a right of set-off in equity.

In the case of mutual debts in the same right, as mutual joint debts, or mutual separate debts, the insolvency of either party, will entitle the other, in equity, to set off his debt against the debt of the insolvent, without any other intervening equity.

Where there is some new equity to justify it, as fraud, or where the party seeking relief, is only surety for a debt, really separate, joint and separate debts may be set off in equity.

Where no special equities intervene, a court of equity will not refuse relief by way of set-off, on the ground that the claim sought to be set off is unliquidated; but will allow the complainant to have the damages ascertained, and when so ascertained, allow the same to be set off *pro tanto* against the claim of the other party.

An assignment of a chose in action conveys merely the rights which the assignor then possesses in the thing assigned; but such an assignment does not necessarily draw after it all equities of an independent nature.

The mere fact that a set-off would be in conformity with the principles of natural equity and justice, is not sufficient, of itself, to bring the set-off within the jurisdiction of a court of equity; and even where there are mutual debts, which may be set off in equity, the right of set-off is extinguished by a *bona fide* assignment of one of the debts.

### *Appeal from the Van Buren District Court.*

THE complainants filed their bill in chancery, praying an injunction to stay proceedings on a judgment, in the name of Milburn, against complainants, rendered October 29th, 1853, for $3,500, in Jefferson county. The suit in which judgment was rendered, was brought upon an attachment bond, executed by Davis, in favor of Milburn, in which Shepperd and Wayne were sureties, and the damages received on the bond, were for the wrongful suing out the

attachment by Davis, and levying on the property of Milburn. The petition alleges, that the sum of $2,524, has been paid on the judgment by Davis, since the rendition thereof; and that Milburn is justly indebted to Davis in an amount exceeding the balance due on the judgment against complainants, all of which was due and owing at the time of the rendition of the same, and on which, suit has been brought by Davis against Milburn in the District Court of Van Buren county, claiming ten thousand dollars damages, which action will be for trial at the next succeeding term of the District Court of said county. The petition further alleges, that complainant Davis, in the suit in which the judgment against him was rendered, sought to set off the said indebtedness of Milburn to Davis, against Milburn's claim for damages against complainants, but he was not permitted so to do by the court; that Milburn is totally insolvent, and has no property, except the judgment aforesaid, and prays that there may be an injunction against the execution of said judgment, until the termination and adjudication of the suit pending against said Milburn, on the complainant Davis's aforesaid causes of action; and that whatever judgment the said Davis may recover against said Milburn, in the suit, may be applied as a set-off against, and in payment of the balance due on the judgment of Milburn against complainants. The petition further shows as a reason why the injunction should be granted, that one Jesse Wear had commenced an action of attachment against Milburn, for about the sum of five hundred dollars, in the District Court of Jefferson county, in which suit a process of garnishment had been served on complainants, requiring them not to pay any sum of money due from them to said Milburn, to him, until the further order of the court, or the final adjudication of the said suit of Wear vs. Milburn; and that the same is still undetermined. The injunction was allowed by the judge of the District Court, and all proceedings on the judgment and execution stayed. On the allegation of complainants, that Milburn was a non-resident of the state, notice of the pendency of the suit was ordered by

the court, to be served on the attorneys of Milburn, in the suit in which judgment was recovered, and the notice was served accordingly.

John Winsell afterwards filed his statement under oath, that on the 1st of May, 1854, the balance due on the judgment against complainants, had been assigned to him by Milburn, for a valuable consideration, and in good faith; that the written assignment had been filed and recorded in the office of the clerk of the court in which the judgment was rendered; th .t from the 1st day of May, 1854, the said Winsell had been the owner of the judgment, in good faith; that he had caused the execution to issue, which is prayed to be enjoined; and that Milburn had no interest in the same. At the same time, Augustus Hall, attorney for Milburn, in said suit, filed his statement under oath, setting forth that by special agreement with Milburn, he was to have five hundred dollars, of said judgment of Milburn against complainants; that the Supreme Court of the state had, by special order, given him a lien upon said judgment, for five hundred dollars; that the execution enjoined was indorsed with said order of the Supreme Court; and that one hundred and sixty dollars of said amount has been paid, and a balance of three hundred and fifty dollars, remains due to said Hall. On motion, the said Winsell and Hall were made parties defendant to the plaintiff's petition, and their statements and answers being filed as aforesaid, they moved the court to dissolve the injunction. The motion being heard, was overruled, to which decision of the court in refusing to dissolve the injunction, the said Winsell and Hall except, and they appeal to this court.

*C. C. Nourse*, for the appellants.

*Knapp & Caldwell*, for the appellees.

STOCKTON, J.(1)—The complainants allege, as the ground

---

(1) WRIGHT, C. J., having been of counsel, took no part in the decision of this cause.

of their claim for set-off against the defendant Milburn, that he is insolvent; that Davis, one of the complainants, and the principal in the judgment sought to be enjoined, has large claims against him unpaid and unsatisfied, on which he has commenced suit, claiming to recover a large amount; that the suit is undetermined, but will be for trial at the next term of the District Court of Van Buren county; and complainants pray that when such judgments may be obtained by said Davis, he may be allowed to set · off so much of the same as may be necessary to pay and satisfy the judgment of defendant Milburn, against them; and in the meantime, and until such judgment is recovered, that Milburn may be enjoined from · executing his said judgment, an execution issued on which has been levied on the property of petitioners, Mayne and Shepperd, they being only the sureties of Davis, for the payment of the damages, recovered against him by Milburn. It is further alleged by complainants, that they were prevented by the District Court, from setting off the said indebtedness of Milburn to Davis, in the suit in which the judgment against them was recovered by the strict rules of the common law, and because the said claims were in different rights.

The known rule of courts of equity is, that they follow the law in regard to matters of set-off, unless there is some intervening equity going beyond the statute of set-off, which constitutes the basis of set-off at law. Such natural equity arises where there are mutual credits between the parties; or where there is an existing debt on one side, which constitutes the ground of a credit on the other; or where there is an express or implied understanding, that the mutual debts shall be a satisfaction or set-off, *pro tanto*, between the parties. *Howe* v. *Shepperd*, 2 Sumner, 412. It is said by Judge Story (2 Story Eq. Juris. § 1435), that by *mutual credit*, in the sense in which the term is here used, we are to understand a knowledge in both sides of an existing debt, due to one party, founded on and trusting such debt as a means of discharging it. The mere existence of distinct debts, without mutual credit, will not give a right of set-off

in equity. Whether in a case of mutual debts, in the same right, as, for example, mutual joint debts, or mutual seperate debts, the insolvency of either party would entitle the other to set off his debt against the debt of the insolvent party, without any other intervening equity, seems at one time to have been doubted in England. 1 Atkins' Rep. 231. The doctrine, however, seems to be well established in this country, and courts of equity have entertained the jurisdiction of cases of set-off, when there has been an obstacle to the complainant's proceeding at law, who seeks to set off his claim, such as insolvency, non-residence, or the like. *Tribble* v. *Taul*, 7 Monroe, 457; *Simson* v. *Hart*, 14 Johnson, 63; *Talbot* v. *Warfield*, 3 J. J. Mar. 86; *Buckmaster* v. *Grund*, 3 Gilman, 626. And although courts of equity have held that joint and separate debts cannot be set off against each other in equity, any more than at law (*Date* v. *Cooke*, 4 Johnson Ch. 11; *Jackson* v. *Robertson*, 3 Mason, 138), yet it has been held, that where there is some new equity to justify it, there may be such set-off. And such equity may arise under circumstances of fraud, or where the party seeking relief, *is only a surety for a debt really separate*. *Green* v. *Darling*, 5 Mason, 209; *Jackson* v. *Roberson*, 3 Ib. 145; 2 Story's Eq. Jurisprudence, § 1437.

So far, we do not see that the objection to the relief asked by complainants can be resisted, on the ground that the claim sought to be set off did not arise from mutual credits given by the parties to each other, or are not cognizable in equity. It is further objected to the relief sought by complainants, that the demands against Milburn sought by them to be set off against the judgment, have not been settled and liquidated at law; and that where they are uncertain and unliquidated, they are not the proper subject of a set-off in equity, any more than at law. The petition alleges, that the said Milburn is indebted to the said Davis in large sums of money, to wit, in the sum of five thousand dollars, of which, six hundred and twenty-seven dollars, is due on a contract between Davis and Milburn, about the cutting of timber and saw logs on Davis's land; two hundred and sixty

dollars, for judgments obtained before a justice of the peace of Van Buren county; ninety-eight dollars, for an account assigned to Davis, by one Pfouts of said county; two hundred·dollars, for other just claims; and for the rent of a mill and distillery for the term of two years and three months, at fifteen dollars per day; and that suits for the recovery of these claims, are pending and undecided.

We do not know that this objection, that the claims of Davis are unliquidated, would of itself be ·sufficient to de-feat the complainants' right to relief; although the doctrine contended for by defendant's counsel, is well established by the authorities cited, and others.   See *Livingston* v. *Livingston*, 4 Johnson C. 286; *Derman* v. *Lyon*, 3 Ib. 351; *Parkinson* v. *Prousdall*, 3 Scammon, 370; *Batterman* v. *Pierce*, 3 Hill, 174; *Patrick* v. *Livingston*, 3 J. J. Mar. 655.

In *Jones* v. *Waggoner*, 7 J. J. Mar. 147, it is held, that where the chancellor has jurisdiction of a case by injunc-tion, or otherwise, he will do justice between the parties; and the insolvency of the defendant, being admitted, he will decree as a set-off against the judgment at law, dam-ages growing out of a breach of covenant, and the same being fixed by the contract and the law, he will assess them.  We are inclined to the opinion, that in such a case as the pres-ent, where no other special equities intervene, the court should not deny the relief, on the ground, that the damages are not ascertained, but allow the complainants to have the damages of Davis ascertained, and when ascertained, allow the same to be set off *pro tanto*, against the judgment of Milburn.   If there were no other equity interposing, we should be disposed to sustain the injunction granted to com-plainants.   The case presented in this petition is, *prima facie*, sufficient to entitle them to the relief sought.

Let us see how the case stands, in the aspect in which it is presented by the petition of Winsell.  He became the assignee of the balance due on the judgment in good faith, for a valuable consideration, and without any notice or knowledge of the matters charged in the complainants' peti-. tion, as existing ·between Davis and Milburn, on the 1st,

May, 1854. It is claimed that the judgment was not assignable at common law, and has not been made so by the Code; and that the assignee takes it subject to all the equities, existing between the original parties to the judgment itself. If this were true in the full sense claimed by complainants, that is very different from admitting that he takes it subject to all equities subsisting between the parties, as to other transactions. There is a wide distinction between the cases. An assignment of a chose in action, conveys merely the rights which the assignor then possesses to that thing. But such an assignment does not necessarily draw after it, all equities of an independent nature. *Greene* v. *Dailey*, 5 Mason, 214; *Murray* v. *Lilburn*, 2 John. C. 442. In the case of *Makpeace* v. *Coats*, 8 Mass. 451, the Supreme Court of Massachusetts refused to permit one judgment to be set off against another, between the same parties, when it appeared that persons, other than the nominal creditor, were interested by assignment of the demand, on which one of the judgments was rendered. In *Merrill* v. *Souther*, 6 Dana, 305, the Court of Appeals of Kentucky, held, that where an insolvent debtor in a judgment, obtained a smaller judgment, against the plaintiff, the latter has, *eo instanti*, an equitable right to set off his judgment against it; and the former cannot deprive him of his right, by assigning his judgment. The assignee takes only an equity, and his equity is inferior to the equity of the plaintiff. See also *Robbins* v. *Holley*, 1 Mon. 191. The right of set-off here, became absolute as soon as the latter judgment was obtained.

In the present case, the facts, which give to the complainants, the right to come into a court of equity, to seek to enforce the set-off not permitted at law, are the alleged insolvency of Milburn, and his absence from the state. The petition, however, does not state, nor are we elsewhere informed, at what time his insolvency or absence commenced, nor whether, it existed at the time of the judgment, or before the assignment to Winsell or not. It appears that he was absent and insolvent at the time of the bill filed; but how long before does not appear, and particularly does it

not appear, whether such alleged insolvency and absence, existed before the rights of Winsell accrued. The right of the complainants to set off the claims of Davis against the judgment of Milburn, did not exist *eo instanti*, with the rendition of the judgment against them. The mere fact, that such set-off would have been in conformity with the principles of natural equity and justice, is not sufficient, of itself, to bring it within the jurisdiction of a court of equity; and even where there are mutual debts, which may be set off in equity, the right of set-off is extinguished by a *bona fide* assignment of one of the debts. *Howe* v. *Shepperd*, 2 Sumner, 411. Before the application in this case for a set-off, all the right of Milburn in the judgment against Davis, had been assigned to Winsell, and the equity of Winsell is both fair in point of time, and better in point of right, than that of complainants in regard to the judgment.

On the case made by the petition, and the answer of Winsell, we think the District Court erred in refusing to dissolve the injunction. Winsell, as a *bona fide* assignee of the judgment, for a valuable consideration, and without any notice of the equity alleged in complainants' petition, is entitled to collect the balance of the judgment, unless the aspect of the case is changed by the testimony, and by other facts not now presented by the record.

We have omitted any mention of the matters presented by the answer of Hall, because, as we gather from the statement of Winsell, there is no disagreement between himself and Hall, as to the claim for attorney's fees. So also have we omitted any notice of the aspect of the case presented by the garnishee process of Jesse Wear. It is not stated when the notice to appear and answer as garnishees, was served on complainants, nor does it appear that it was before the assignment of the judgment to Winsell. The complainants' petition was filed March 12, 1855, in which it is stated, that they are requested to answer as garnishees at the next term of the District Court of Jefferson county. The assignment to Winsell was May 1st, 1854, and we do not see, but that complainants would be able to protect themselves by their

answer as garnishees, from all liability or danger of being required to pay the amount due on the judgment twice over.

The order of the District Court overruling the motion to dissolve the injunction, is reversed, and the cause is remanded with directions to dissolve the injunction, unless complainants shall strengthen the equitable grounds for continuing the same, by showing other facts, not now before us, either by amended petition, or replication to defendant Winsell's answer.

Judgment reversed.