GEORGE McCLELLAND, PLAINTIFF, v. COLT'S PATENT FIRE ARMS MANUFACTURING COMPANY, A CORPORATION, AND ALBERT FOSTER, DEFENDANTS.

Argued January 20, 1932—Decided January 21, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff, *Chandless, Weller & Selser* (*Ralph W. Chandless,* of counsel).

For the defendants, *Pitney, Hardin & Skinner.*

PER CURIAM.

The plaintiff sued to recover damages for the permanent loss of the sight of his right eye said to be the proximate result of the negligence of one of the defendant's salesmen in demonstrating a new type of rapid fire rifle. The summons and complaint were served in this state upon Albert Foster, individually, and as the New York manager of the Colt's Patent Fire Arms Manufacturing Company, a corporation. The present application is to vacate the service upon the corporate defendant.

It appears from the depositions that the defendant is not a New Jersey corporation and has never been registered to transact business in this state. It further appears that the company is organized under the laws of Connecticut, where its factory and plant are located. It maintains no plants in New Jersey, carries no bank accounts, and sells and delivers no goods here. All of its business is carried on through jobbers who make their purchases at the home office. Occasionally salesmen come into this state to solicit orders and to display and demonstrate their merchandise. All orders taken are subject to acceptance or rejection at the main office, where all collections are made.

Chief Justice Beasley said in *Camden Rolling Mill Co.* v. *The Swede Iron Co.,* 32 *N. J. L.* 17: "Upon general principles, and in the absence of statutory innovations, it is to be regarded as settled, in this state at least, that if a foreign corporation, at the time of commencement of suit, does not do business, and has not any office or place of business in this state, the contract sued on, not having been entered into in this state, such corporation, except by its own consent, cannot be brought within the jurisdiction of this or any court of this state. Under such circumstances, the officers or agents of such foreign corporation, when they come into this juris-

diction, do not bring with them their officials character or functions, and are not to be esteemed, out of the sovereignty by the laws of which the corporate body exists, the representatives for the purpose of responding to suits of law of such corporate body." And then he goes on to examine *Pamph. L.* 1865, *p.* 467, which provides the manner in which process may be served upon foreign corporations and says: "The statute does not give any new right of suit; nor does it purport to take away any of the privileges of foreign corporations. It simply appoints a method of bringing corporations invested with a foreign character into the courts of this state, when such courts have jurisdiction over them. We think that the act in question has no scope beyond this."

The statute above referred to by the Chief Justice is still embodied in our Corporation act as section 88 (*Pamph. L.* 1896, *p.* 305).

In fact, it is conceded by the complainant that if the action had been in contract process was not well served in this case, since the defendant was not doing business in this state under the above rule which has been accepted and followed in *Carroll* v. *New York, New Haven and Hartford Railroad Co.,* 65 *N. J. L.* 124; *Low* v. *Davey,* 83 *Id.* 540; *Wood & Selick* v. *American Grocery Co.,* 96 *Id.* 218; *Jager* v. *Breslow,* 9 *N. J. Mis. R.* 1069.

But it is suggested that since the action is to recover damages for an injury due to a tort another rule applies, but no authorities are cited. The general rule is stated in 14A *Corp. Jur.* 1368, as follows: "A foreign corporation cannot be sued *in personam,* otherwise than by consent, where it is not present or is not found or, as commonly expressed, is not doing business in the state."

"The process of a court of one state cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the state to a non-resident is unavailing to give jurisdiction in an action against him personally for money recovery. *Pennoyer* v. *Neff,* 95 *U. S.* 714. * * *. The mere transaction of business in a state by non-resident natural persons does not imply

consent to be bound by the process of its courts. *Flexner* v. *Farson,* 248 *Id.* 289. The power of a state to exclude foreign corporations, although not absolute but qualified, is the ground on which such an implication is supported as to them. *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining Co.,* 243 *Id.* 93, 96." *Hess* v. *Pawloski,* 274 *Id.* 352, 355.

Since the defendant corporation was not doing any business in this state, nor did it expressly or by implication consent to the jurisdiction, the service of process must be set aside.