No. 15,883.

ROGERS ET AL. *v.* MOUNTAIN STATES ROYALTIES, INC.

(182 P. [2d] 142)

Decided May 26, 1947.

Mr. W. DAVID McCLAIN, Mr. EDWIN A. WILLIAMS, for plaintiffs in error.

Messrs. SIMON & LEE, Mr. M. O. SHIVERS, JR., for defendant in error.

*In Department.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS case involves the one question of whether defendant, a Wyoming corporation, is doing business within the state of Colorado so as to subject it to service of process issued out of the courts of this state. Plaintiffs brought suit in tort against Arthur M. Teakell, individually, Mountain States Royalties, Inc., a Wyoming corporation, of which Teakell is president and holder of the majority of the shares, and the Continental Oil Company, a Delaware corporation, a lessee of oil producing property in Wyoming paying royalties to Mountain States Royalties, Inc. Plaintiffs allege that they are minority stockholders of Mountain States Royalties, Inc., and that Teakell is a majority stockholder—having become such by reason of his false representations made to plaintiffs, resulting in an unfair transaction between them and Teakell at the time of the formation of the corporation.

Plaintiffs sought judgment against Teakell and Mountain States Royalties, Inc., in the amount of $15,000, for body judgment against Teakell, an injunction against the Continental Oil Company restraining it from making any further payment of royalty moneys to the other two defendants, and that the royalty moneys be paid to a receiver to be appointed by the court or, in the alternative, that such payments be enjoined and restrained until a final hearing of the cause.

Mountain States Royalties, Inc., appearing specially for that purpose, filed its motion to set aside and quash the service of summons on the following grounds: that it is a Wyoming corporation; has never been engaged in

doing business within the state of Colorado; that plaintiffs did not, as required by Rule 3 (a), R. C. P. Colo., file their complaint within ten days after the alleged service of summons upon defendant corporation, and that one of the plaintiffs has pending in the district court of the seventh judicial district, county of Natrona, state of Wyoming, a similar action. This last allegation was supported by evidence. After the taking of testimony and argument, the trial court granted the motion to quash. Plaintiffs here seek a reversal of this ruling.

The evidence showed that service of summons was made upon Mrs. H. Margaret McGinnis at her residence in Denver. She testified that she was the vice-president of Mountain States Royalties, Inc.; identified a copy of the articles of incorporation showing that the company was a Wyoming corporation; testified that all of its business operations were carried on in Wyoming; and that all of its income was derived from property located in that state. The articles show that at the time of the incorporation the directors were described as residents of Wyoming. The testimony of Mrs. McGinnis further disclosed that most of the directors' meetings had been held in Colorado for the convenience of the directors who are now living in Denver or Littleton, although at least one directors' meeting had been held in Wyoming; that no stockholders' meeting, however, had ever been held in Colorado, and that no business transactions had been had with third parties in the state of Colorado— the directors' meetings pertaining simply to the internal affairs of the corporation. One directors' meeting included the authorizing of the payment of a dividend, at which it was directed that some of the dividend checks be issued by one of the officers in Colorado and the remaining checks to be issued by an officer in Wyoming.

The testimony of Teakell, president of the company, was to the same effect. Commenting upon the fact that the minutes of a meeting held June 29, 1943, at which these dividends were authorized, contained a reference

to a meeting held in the company's office in Littleton, Colorado, he stated that the company owned no office in Colorado—the meeting having been held in his home.

From this evidence the court found that the corporation was not engaged in carrying on or transacting its ordinary business in Colorado.

The following Colorado cases have been discussed or cited in the briefs:

*Colorado Iron Works v. Sierra Grande Mining Co.*, 15 Colo. 499, 25 Pac. 325, in which we held that a domestic corporation could sue a foreign corporation in the courts of this state on an indebtedness created by virtue of a contract between the two companies.

*Plattner Implement Co. v. Bradley, Alderson & Co.*, 40 Colo. 95, 90 Pac. 86, where we decided that a domestic corporation could recover against a foreign corporation on an indebtedness incurred by the latter within Colorado, where the domestic corporation was doing business.

*Cockburn v. Kinsley*, 25 Colo. App. 89, 135 Pac. 1112, also is discussed by counsel. In that case, the treasurer of an Arizona corporation, which was operating a mine located in the Republic of Mexico, of his own motion had caused letterheads to be printed designating a certain office in Colorado Springs, Colorado, as the main office of the company. The corporation owned no property in Colorado and, except for the execution of one promissory note evidencing the loan of money, had never transacted any business in Colorado. In an action upon this note against the officers of the corporation, under the provisions of sections 916, 919, R.S. '08 ('35 C.S.A., c. 41, §§109, 113), our Court of Appeals held that the corporation had not been doing business within the meaning of the statute. Judge Morgan, speaking for the court in that case, said: "The authorities seem to agree that the purpose of a statute such as ours requiring foreign corporations to file a certificate or charter is to protect creditors or other obligees of such corporation,

with reference, I should say, to the citizens of the state enacting the statute. The authorities agree also that a single act or business transaction is not 'doing business' within the meaning of the statute, and that 'doing any business' means business involving transactions concerning the actual purposes for which the corporation was organized, and does not include transactions between corporators and stockholders themselves, involving transactions concerning promotion, transfers of stock and meetings of the board of directors for such purposes only. * * *"

In the same year that the opinion in *Cockburn v. Kinsley, supra,* was announced, we held in *Holmes, Executor v. Jewett,* 55 Colo. 187, 134 Pac. 665, that, "The law is well settled that a court will not, in a minority stockholder's suit, exercise the power of determining the rights of a foreign corporation which depend upon the internal management of its affairs."

In *Union Mutual Life Co. v. District Court,* 97 Colo. 108, 47 P. (2d) 401, in upholding a suit by a citizen of Colorado against a foreign corporation, we said: "Petitioner [foreign corporation], although it did not prosecute its activities in the usual manner of life insurance companies generally doing business in Colorado, did no inconsiderable volume of such business in this state. * * * It chose to ignore our statutes providing how foreign life insurance companies may do business in this state; but it proceeded, nevertheless, in manner not essentially different from companies operating within the law, to obtain business from Colorado residents. The whole record considered, we are disposed to the view that petitioner was doing business in Colorado, and that an instance thereof was the Bailey policy." This holding was reaffirmed in *Union Mutual Life Co. v. Bailey,* 99 Colo. 570, 64 P. (2d) 1267.

In *Junior Frocks, Inc. v. District Court,* 105 Colo. 82, 94 P. (2d) 694, we granted a writ of prohibition, restraining the district court from overruling a motion to

quash service of summons by which it was sought to acquire jurisdiction over a foreign corporation. The action was for damages resulting from a collision between plaintiff's automobile and one driven by an itinerant solicitor of sales, who was operating in different states selling products of the foreign corporation. In that case we quoted with approval the following paragraph from *People's Tobacco Co. v. American Tobacco Co.,* 246 U.S. 79, 86, 38 Sup. Ct. 233, 62 L. Ed. 587: "Each case depends upon its own facts. The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted. *Philadelphia & Reading Ry. Co. v. Mc-Kibbin,* 243 U.S. 264; *St. Louis Southwestern Ry. Co. v. Alexander,* 227 U.S. 218, 226." We held that defendant company had not subjected itself to the Colorado jurisdiction, the salesman supplying his own means of transportation and not using a company car.

██ ██ From a study of our Colorado decisions, we believe the instant case falls into that class where the foreign corporation has been held not to be doing business in this state so as to subject it to service of process.

We are confirmed in this conclusion by a survey of some of the cases in other jurisdictions. In 18 A.L.R., beginning at page 1383; 89 A.L.R., beginning at page 736; 30 A.L.R., beginning at page 255; and 96 A.L.R., beginning at page 366, appear interesting annotations bearing on the question involved in this case. From a study of the cases therein discussed, it seems that some of the cases are resolved by: (1) Leaving the matter in the sound discretion of the trial court; (2) distinguishing between those cases where merely the internal affairs of the corporation are involved and those cases where the corporation has had transactions with third persons; and (3) considering the equities of the case. On this third

point it will be noted that the three plaintiffs in the present action are all stockholders of the defendant corporation. Section VIII of the articles of incorporation of defendant in error reads: "All suits or actions against said corporation must be commenced in the proper court within and for Natrona County, State of Wyoming." In *Model Land & Irrigation Co. v. Madsen*, 87 Colo. 166, 285 Pac. 1100, we repeated with approval the following statement from the opinion in *Bertche v. Equitable L. & I. Co.*, 147 Mo. 343, 48 S.W. 954, which previously had been quoted by our Court of Appeals in *Columbia B. & L. Ass'n v. Lyttle*, 16 Colo. App. 423, 66 Pac. 247: "One who becomes a member of an association becomes chargeable with the knowledge of the provisions of its charter and bylaws and is bound by them." To the same effect are, *Supply Ditch Co. v. Elliott*, 10 Colo. 327, 332, 15 Pac. 691, and 13 Am. Jur., page 224, §79.

As noted, one of the plaintiffs herein has already brought a suit similar to the present action in Natrona County, Wyoming.

Whichever of the three tests is applied in this case, it would appear that the judgment of the trial court should be, and it hereby is, affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE LUXFORD concur.