## No. 20,108.

BAY AVIATION SERVICES COMPANY, ETC., *v.* THE DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, ET AL.

(370 P. [2d] 752)

Decided March 19, 1962. Rehearing denied April 30, 1962.

Messrs. YEGGE, HALL & SHULENBURG, Mr. ROBERT B. YEGGE, for petitioner.

Mr. CLELL W. HARDEE, Mr. GEORGE B. LEE, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in which the petitioner, hereinafter referred to as Bay Company, asserts that the respondent district court is proceeding to trial in an action there pending without jurisdiction over the person of the Bay Company, one of the defendants in that action.

Plaintiff in the district court action, Katherine L. Curry, filed a motion in said action in which she alleged:

"I.

"That the defendant Bay Aviation Services Company d/b/a Oakland Air Motive Company has home offices at P. O. Box 2355, Airport Station, Oakland 14, California.

"II.

"That said foreign corporation has and does transact business in the State of Colorado through the displaying of its product, an aircraft, to prospective purchasers in said state by sending said aircraft to the State of Colorado for demonstration purposes.

"III.

"That said foreign corporation has not qualified to transact business in this State, and is not registered with the Secretary of State of Colorado, and has no appointed agent for process upon whom may be served any process from a Court of Record in this civil action, which arises out of an act or omission to act by the corporation within this State.

"IV.

"That this Court has such power and authority to issue the Order moved for in 1953 C.R.S. 31-35-19, sub-Paragraph 3."

Sub-Paragraph 3 of C.R.S. '53, 31-35-19, as amended provides as follows:

"If any foreign corporation shall hereafter transact business in this state without having qualified to transact business, it shall be deemed that such corporation has designated and appointed the secretary of state as an agent for process upon whom may be served any process from a court of record in any civil action arising out of any act or omission of such corporation within this state. When any civil action is commenced, the court upon verified motion, *and stating facts showing transaction of business within this state, may ex parte authorize* service to be made upon the secretary of state. * * *" (Emphasis supplied.)

Pursuant to that motion an order was duly made by the district court, and purported service of the complaint and summons was made on the petitioner through the office of the secretary of state. Following that, petitioner herein filed a Motion to Vacate and to Quash, as follows:

"COMES NOW the Defendant, Bay Aviation Services Company, d/b/a Oakland Air Motive Company, a corporation, by its attorneys Yegge, Hall and Shulenburg, and appearing specially and for purposes of this Motion only, moves this Honorable Court to enter an order vacating its Order of September 13, 1961 granting leave to the plaintiff to obtain service on the Secretary of State as the agent for service of this defendant, and quashing the return of service of the Summons herein;

"AND AS GROUNDS FOR THIS MOTION, this defendant shows unto the Court that this Court has no jurisdiction over this defendant, that it was not doing business in the State of Colorado as required for substituted service under any statute of the State of Colorado, and that 1953 C.R.S. 31-35-19 (3), if not repealed, is unconsitutional and thereby void."

The Motion to Quash was supported by an affidavit which reads as follows:

"State of California } ss.
"County of San Mateo }

"Deponent being duly sworn, deposes and says:

"1. That he is Executive Vice-President of Bay Aviation Services Company, a California Corporation.

"2. That on September 14, 1960, the date of the accident referred to in the Complaint, Bay Aviation Services Company was the fixed base operator at San Francisco, California and had in addition a hanger at Oakland International Airport where the Super V. Aircraft was being built.

"3. In September 1960 the first and only sales demonstration trip of the Super V Aircraft was made, outside the State of California, and into the State of Colorado, and it was in the course of such sales demonstration that the accident referred to in the Complaint occurred.

"4. No business was done or transacted by Bay Aviation Services Company in Colorado, before, or since the sales demonstration flight which resulted in said accident.

"5. Bay Aviation Services Company at the time of the service of process upon the Secretary of State of Colorado as its purported agent, had no employees, agents, or representatives in the State of Colorado, and has presently no such employees, agents or representatives and had employees present at the time of the said accident only for the single and limited purpose of making a sales demonstration flight.

"6. That the employees of Bay Aviation Services Company who were present in Colorado for the purpose of the sales demonstration trip had no authority to act for the Bay Aviation Services Company in the acceptance of orders for, or payments for stock in trade of the Bay Aviation Services Company.

"7. The Contacts which the Bay Aviation Services Company have had with the State of Colorado have

never been continuous or systematic, but rather are single and isolated as set forth above in this Affidavit.

"Further Deponent sayeth not."

The motion filed by Bay Company was heard by the trial court. No evidence was taken, and no counter affidavit was filed challenging any facts asserted in the affidavit presented in support of the motion.

The action filed in the district court by Mrs. Curry sought to recover damages allegedly resulting from the death of her husband who lost his life in an airplane accident in Colorado. It was alleged in the complaint that the Bay Company was the owner of the airplane involved in the action; that the agent of the company, one Bellamy, permitted one Donald W. Vest to operate the plane; that her husband was asked and invited to go on the flight; that said plane "was brought to the State of Colorado for the purpose of trial flights for prospective customers and said aircraft was under the control and possession of defendant's agent, Kenneth L. Bellamy." It was alleged that plaintiff's death was caused by the negligence of the agent of Bay Company.

If under the above facts the Bay Company was "transacting business" in the State of Colorado the rule heretofore issued should be discharged. If, as a matter of law, the Bay Company was *not* "transacting business," under the undisputed facts, then the rule should be made absolute.

In overruling the motion of the Bay Company the court said, inter alia:

"The Court, having the motion to quash under consideration, and after hearing arguments of counsel, is of the opinion that the defendant Bay Aviation Services Company was not qualified to do business in the State of Colorado; that at the time of the accident alleged in the complaint, it was in Colorado for the one instance, and that was for the demonstration of a plane by employees of said defendant Bay Aviation Services Company; that normally, this would not be sufficient to constitute doing

business in Colorado so as to subject the defendant to the process of service of summons in Colorado but, considering the nature of the case, the Court is of the opinion that it must apply the directives as set forth in *Hibbard v. District Court,* 138 Colo., page 270, at page 274, and in *Rogers v. Mountain States Royalties,* 116 Colo, 455, that each case must be determined upon its own facts, that cases of this kind are left to the sound discretion of the trial court, that the Court must distinguish between those cases where merely internal affairs of the corporation has had transactions with third persons, and that the Court must consider the equities of the case."

There are numerous cases in this jurisdiction and elsewhere dealing with the question of whether a foreign corporation is "doing business" in a state in which it has not qualified itself to operate. We direct attention to the opinions of this court in the following cases: *Junior Frocks v. District Court,* 105 Colo. 82, 94 P. (2d) 694; *Begole Aircraft Supplies, Inc. v. Pacific Airmotive Corporation,* 121 Colo. 88, 212 P. (2d) 860; *Rogers v. Mountain States Royalties, Inc.,* 116 Colo. 455, 182 P. (2d) 142; *Colorado Builders' Supply Co. v. Hinman Brothers Construction Company, et al.,* 134 Colo. 383, 304 P. (2d) 892. A leading case decided by the Supreme Court of the United States dealing with the question before us is that of *International Shoe Co. v. Washington,* 326 U. S. 310, 66 S. Ct. 158. It has often been cited with approval in opinions of this court.

A case quite similar to that under consideration is that of *McClelland v. Colt's Patent Fire Arms Mfg. Co.,* 10 N. J. Misc. 156, 158 Atl. 329. The defendant in that case was a Connecticut corporation. One of its agents while demonstrating a new type of rapid fire rifle in the State of New Jersey accidentally caused the same to discharge, as a result of which McClelland lost the sight of one eye. The New Jersey court held that the demonstration of the gun, and other circumstances there considered,

did not constitute "doing business" in the State of New Jersey.

Upon full consideration of the cases above mentioned, we hold that under the undisputed facts presented in this case the Bay Company was not "transacting business" or "doing business" in Colorado, and the rule accordingly is made absolute.