Mr. Justice Moore
delivered the opinion of the Court.
This is an original proceeding in which petitioner, to whom we will refer as Founders Co., seeks the issuance of a writ of prohibition directed to the respondent district court and the judge thereof to prevent them from proceeding against it in an action pending in said court.
Petitioner, which is a Delaware corporation, was named as one of two defendants in an action filed in the- district court by Columbia Press, Inc., a Colorado corporation. It is alleged in the complaint of Columbia Press that it suffered damages in the total sum of $183,753.98 as a result of the purchase of certain printing equipment manufactured by Founders Co. and purchased in Denver from a local distributor, who was also joined as a defendant.
In that action Founders Co. filed a “Motion to Dismiss for Lack of Jurisdiction over the Person and Motion to Quash the Service of Process,” which was made upon it pursuant to the provisions of C.R.S. ’53, 31-35-19 (3), which provides for service of summons on a foreign corporation upon the Secretary of State if said corporation does in fact “transact business in this state without having qualified to transact business * * * .”
The motion of Founders Co. was supported by the affidavit of its “administrative manager” in which it was asserted that the company “had no office or place of business located within the State of Colorado,” and was not “doing business” within the State of Colorado at any time pertinent to the issues tendered in the complaint of Columbia Press. A copy of the contract between Founders Co. and the local distributor of its products was incorporated in the motion. The Motion to Quash was heard by the trial court which had before it for consideration the proceedings for service upon the Secretary of State, the affidavit submitted by Founders Co. with *158 various exhibits attached, oral testimony, and written interrogatories and answers thereto which were submitted under discovery procedures with relation to the other defendant, the distributor.
The district court denied the motion of Founders Co. and thereupon the petition was filed in this action and we issued a rule to show cause. Respondents have answered the rule and have placed before us a detailed account of the evidence, exhibits, and affidavits upon which the trial court based its conclusion that Founders Co. was “doing business” within the State of Colorado, and that service of process upon the Secretary of State,’ as provided by statute, was a valid service upon Founders Co.
We have examined the detailed showing made by respondents and find that the conclusion of the district court was correct. The motion filed by Founders Co. was properly denied.
We think it pertinent to direct attention to the opinion of this court in Hibbard, Spencer, Bartlett & Co. v. District Court of El Paso County, et al., 138 Colo. 270, 332 P. (2d) 208, from which we quote the following:
“In numerous cases in the past on an identical question, wherein the trial court has been both sustained and overruled, this court has consistently agreed with the weight of authority on one point: that each case depends on its own facts. Begole Supplies v. Pacific Corp., 121 Colo. 88, 212 P. (2d) 860; Butler Bros. Shoe Co. v. United States Rubber Co., 156 Fed. 1; People’s Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. 587.
“In a case nearly similar in facts to those in the case before us, the United States Supreme Court in International Shoe Co. v. Washington, 326 U. S. 310, 90 L. Ed. 95, said:
“ ‘ * * * To say that the corporation is so far “present” there as to satisfy due process requirements, for purposes of taxation or the maintenance of suits against it *159 in the courts of the state, is to beg the question to be decided. For the terms “present” or “presence” are used merely to symbolize those activities of the corporation’s agent within the state which courts will deem to be sufficient to satisfy the demands of due process. * * * Those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. * * *
“ ‘ “Presence” in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. * * * ’ (Emphasis supplied.)
“In Colorado our decisions have given approval to resolving such cases by: ‘(1) Leaving the matter in the sound discretion of the trial court; (2) distinguishing between those cases where merely the internal affairs of the corporation are involved and those cases where the corporation has had transactions with third persons; and (3) considering the equities of the case.’ Rogers v. Mountain States Royalties, 116 Colo. 455, 182 P. (2d) 142.
“Actually the courts under the class of cases in (1) above have ruled that the question of what constitutes doing business is a fact to be determined as any other fact. Electrical Equipment Company Inc. v. Daniel Hamm Drayage Co., 217 F. (2d) 656. So if the evidence supports the finding of the trial court we will not disturb it. The absence of exact measures for the determination of what constitutes doing business in a state for the purpose of becoming amenable to the processes of the courts of the state, and the lack of uniformity in the discussions of the courts taken together with the opportunity of the trial court to observe the witnesses and to weigh their testimony all lend strength to the wisdom of leaving the matter to the trial court. On the testimony *160 presented, it cannot be said that the learned trial judge exceeded his jurisdiction or abused his discretion in holding that the company was doing business in this state.”
In the instant action there was ample evidence to support the finding that Founders Co. was “doing business” in Colorado.
The rule is discharged.
Mr. Justice Day not participating.