## GANEBIN v. PHELAN, Impl. etc.

Under the Code (section 37) service upon the agent of the receivers of a foreign corporation, held sufficient.

*Appeal from District Court of Arapahoe County*

Messrs. JACOBSON & DEVEREUX, for appellants.

Mr. I. E. BARNUM, for appellee.

Ganebin v. Phelan.

Upon petition for re-hearing, the following opinion was delivered:

STONE, J.   In the opinion of the court, rendered upon a hearing of this case, it was held that service of the writ which would have been good upon the railroad company, was good upon its receivers.

It is contended by appellants that under the statute regulating the mode of service upon corporations (Gen'l Laws, Sec. 30, 153), if the service is had upon an agent it must be upon a *general* agent, and that this fact should appear by the return upon the writ.

We think the service in this case is not to be governed by the statute referred to, but by that provision of the Code (Sec. 37, p. 13), which is as follows: "If the suit be against a foreign corporation, or a non-resident joint stock company or association doing business within this State, service shall be made by delivering a copy of the writ to an agent, cashier or secretary thereof."

The Kansas Pacific Railroad Company, being a foreign corporation, the receivers, who by their appointment as such displaced the ordinary officers of the corporation, are to be treated as foreign receivers, and if the return of the sheriff shows a service that would have been sufficient upon the corporation under its ordinary management, it must be equally sufficient if made upon an agent of the receivers when the affairs of the corporation are under the management of the latter.   The return is as follows:

"I have duly executed the within by delivering a true copy of both the within writs to J. T. Odell, agent of Henry Villard and C. S. Greeley, receivers," etc.

Under the provisions of the Code referred to, this shows sufficient service.   This being the only question raised upon the re-hearing, we see no cause for changing the opinion of the court heretofore rendered, and it will accordingly stand.