## No. 13,702.

UNION MUTUAL LIFE COMPANY OF IOWA *v.* DISTRICT COURT
OF THE CITY AND COUNTY OF DENVER ET AL.

(47 P. [2d] 401)

Decided June 3, 1935.    Rehearing denied July 15, 1935.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, for petitioner.

Mr. WILLIAM E. HUTTON, Mr. BRUCE B. McCAY, for
respondents.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the
court.

THE matter stands on petition for writ of prohibition,

the answer of respondents to a rule to show cause why prohibition should not enter, and transcript of testimony and affidavits taken and submitted before respondents on a motion to quash service of summons.

The petitioner is a life insurance company incorporated in Iowa and having its only place of business at Des Moines. For some years, and particularly during the time important to our inquiry, petitioner broadcast its advertising programs over a Colorado radio station. The radio company agreed to receive, and promptly forward to petitioner at Des Moines, all inquiries concerning life insurance addressed to the station, in consideration whereof, and of the broadcasting facilities afforded, petitioner agreed to pay the radio company a sum equal to one-third of all premiums paid during the first year by the several policyholders obtained in the manner indicated. As the result of this arrangement petitioner wrote many policies for Colorado residents. All policies, none to be effective until receipt in Des Moines of the first premium payment, were written there and mailed directly to the applicants. One such policy was issued on the life of Clara Harriet Bailey. Mrs. Bailey died, and her husband, Charles Folsom Bailey, named as beneficiary, seeking to recover on the policy, instituted the action sought to be prohibited. When Bailey demanded payment, and before action, petitioner employed the Lake Service Bureau, of St. Louis, Missouri, "engaged in the general business of adjusting claims for life insurance companies, * * * to investigate and adjust the claim." Pursuant to the employment, the Lake Service Bureau dispatched Fred R. Goerisch, an employee, to Denver, "for the purpose of investigating and adjusting" the matter. Goerisch came to Colorado carrying petitioner's complete file in the Bailey matter, with authority from petitioner to supply the claimant with blanks for proof of death, to receive such proof, negotiate settlement, which, if reached, he was to discharge by petitioner's drafts entrusted to him for that purpose. It developed

that Bailey would not accept any offer submitted by Goerisch, and instituted action to enforce his demands. On the theory that Goerisch was petitioner's agent he was served with summons. Contending that Goerisch was not its agent, and that it was not, and had not been, doing business in Colorado, petitioner filed a motion to quash the service of summons, the denial of which became the basis of this application.

Two questions are presented: (1) Was petitioner doing business in Colorado? (2) Was Goerisch petitioner's agent?

█ 1. It clearly appears that petitioner, although it did not prosecute its activities in the usual manner of life insurance companies generally doing business in Colorado, did no inconsiderable volume of such business in this state. Its method of attracting the attention of the public was perhaps unique and assuredly modern. Its instruments to the desired end were of and in Colorado. It chose to ignore our statutes providing how foreign life insurance companies may do business in this state; but it proceeded, nevertheless, in manner not essentially different from companies operating within the law, to obtain business from Colorado residents. The whole record considered, we are disposed to the view that petitioner was doing business in Colorado, and that an instance thereof was the Bailey policy. *Colorado Iron Works v. Sierra Grande Co.*, 15 Colo. 499, 25 Pac. 325; *Miller Company v. Council Bluffs Co.*, 95 Ia. 31, 63 N. W. 565 See, generally, 14a C. J., pp. 1372, 1373, §4080.

█ 2. We think Goerisch was petitioner's agent. As already determined, petitioner, a foreign corporation, was doing business in Colorado. When served with process Goerisch was within the jurisdiction of the court whence the writ issued. He was clothed with broad powers. No executive officer of petitioner could have exercised greater authority in the particular matter than that with which Goerisch was invested. It would appear, therefore, that the service of summons on him conformed

to subdivision ninth, section 40, Code of Civil Procedure (C. L. 1921), which provides that service may be upon "any agent" of a foreign corporation doing business in this state. See *Ganebin v. Phelan,* 5 Colo. 83. The claim that Goerisch was the representative of the Lake Service Bureau rather than the agent of petitioner, the record considered, is untenable. §§79, 80, 1 Agency, Am. Law Institute; *Miller Company v. Council Bluffs Co., supra;* 2 C. J., p. 435, §32; 2 C. J., p. 688, §347.

Let the order be that respondents' answer is sustained and the rule to show cause discharged

MR. JUSTICE BOUCK did not participate.