No. 13,872.

Union Mutual Life Company of Iowa *v.* Bailey.

(64 P. [2d] 1267)

Decided January 25, 1937.

Messrs. Grant, Ellis, Shafroth & Toll, for plaintiff in error.

Mr. William E. Hutton, Mr. Bruce B. McCay, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

THE Union Mutual Life Company of Iowa issued its policy of insurance on the life of Clara H. Bailey of Colorado, payable to Charles Folsom Bailey, as beneficiary. Upon the death of the insured the beneficiary instituted this action in the district court of the City and County of Denver, to recover under the policy, and to reverse a judgment in his favor, the company prosecutes a writ of error. The parties will be herein mentioned as plaintiff, the company and insured.

The complaint contained four causes of action, all of which were withdrawn except the second, which in substance alleged the incorporation of the company under the laws of the state of Iowa and that it was doing a general life insurance business there, in the state of Colorado, and elsewhere in the United States; the issuance of its policy, dated September 3, 1930, which provided for payment of $1,000 upon proof of death of the insured; that the insured died May 25, 1934, in Denver, Colorado; that all premiums were paid to that date; that the policy was in full force, and that the company had refused to pay.

The company moved to quash service of summons on the ground that it was a foreign corporation, not doing business in Colorado, and not subject to suit therein; that the party on whom service had been made was not an agent of the company and "for the reasons * * * stated the action was violative of defendant's right under the Fourteenth Amendment to the Constitution of the United States." The motion was overruled and the company applied to this court for a writ of prohibition upon the ground that it was not doing business in Colorado and therefore not subject to the jurisdiction of the Colorado courts. A denial of the application is reported in *Union Co. v. District Court*, 97 Colo. 108, 47 P. (2d) 401. Thereafter the company filed its answer alleging, inter alia, fraud and misrepresentation as to health of insured in her application for the policy. Bailey, plaintiff, demurred to this answer on the ground, among

others, that a Colorado statute made the policy incontestable after it had been in force for two years, and that more than two years had elapsed since the issuance of the policy. At that stage of the proceedings, the parties stipulated as to the facts about which there was no dispute, to-wit: Residence of the insured in Colorado; that the insured was induced to apply for the policy through hearing certain broadcasts made at the instance of the company over a radio station at Denver, Colorado, and heard by the insured in Denver; that the insured's application for the policy was mailed by her in Denver addressed to the company at Des Moines, Iowa; that the policy was issued at Des Moines and mailed to, and received in, Denver by the insured; that the record made in connection with the company's motion to quash in the district court, which later was filed in this court, in the matter of the petition for writ of prohibition, *Union Co. v. District Court, supra,* may be considered by the district court in connection with the demurrer and may be considered by this court, in case of writ of error, in connection with the ruling by the district court on the demurrer. Upon this record, including the pleadings and stipulation, the trial court sustained the demurrer to the company's answer, and, after the latter's election to stand thereon, judgment was entered in Bailey's favor for the amount of the policy and interest.

A comprehensive statement of the facts, then, as well as now, is contained in our opinion in the former Union Company case. It is as follows:

"The petitioner is a life insurance company incorporated in Iowa and having its only place of business at Des Moines. For some years, and particularly during the time important to our inquiry, petitioner broadcast its advertising program over a Colorado radio station. The radio company agreed to receive, and promptly forward to petitioner at Des Moines, all inquiries concerning life insurance addressed to the station, in consideration whereof, and of the broadcasting facilities afforded,

petitioner agreed to pay the radio company a sum equal to one-third of all premiums paid during the first year by the several policyholders obtained in the manner indicated. As the result of this arrangement petitioner wrote many policies for Colorado residents. All policies, none to be effective until receipt in Des Moines of the first premium payment, were written there and mailed directly to the applicants. One such policy was issued on the life of Clara Harriet Bailey. Mrs. Bailey died, and her husband, Charles Folsom Bailey, named as beneficiary, seeking to recover on the policy, instituted the action sought to be prohibited. When Bailey demanded payment, and before action, petitioner employed the Lake Service Bureau, of St. Louis, Missouri, 'engaged in the general business of adjusting claims for life insurance companies, * * * to investigate and adjust the claim.' Pursuant to the employment, the Lake Service Bureau dispatched Fred R. Goerisch, an employee, to Denver, 'for the purpose of investigating and adjusting' the matter. Goerisch came to Colorado carrying petitioner's complete file in the Bailey matter, with authority from petitioner to supply the claimant with blanks for proof of death, to receive such proof, negotiate settlement, which, if reached, he was to discharge by petitioner's drafts entrusted to him for that purpose. It developed that Bailey would not accept any offer submitted by Goerisch, and instituted action to enforce his demands. On the theory that Goerisch was petitioner's agent he was served with summons. Contending that Goerisch was not its agent, and that it was not, and had not been, doing business in Colorado, petitioner filed a motion to quash the service of summons, the denial of which became the basis of this application.

"Two questions are presented: (1) Was petitioner doing business in Colorado? (2) Was Goerisch petitioner's agent? * * *." From the above recital it appears that the facts in the former proceeding are the same as those now presented for consideration under the writ of

error herein. On these same facts, considered in connection with the petition for writ of prohibition before mentioned, this court, speaking through Mr. Justice Hilliard, said: "The whole record considered, we are disposed to the view that petitioner was doing business in Colorado, and that an instance thereof was the Bailey policy. * * * We think Goerisch was petitioner's agent. * * * When served with process Goerisch was within the jurisdiction of the court whence the writ issued. He was clothed with broad powers. No executive officer of petitioner could have exercised greater authority in the particular matter than that with which Goerisch was invested. It would appear, therefore, that the service of summons on him conformed to * * * Code of Civil Procedure * * * which provides that service may be upon 'any agent' of a foreign corporation doing business in this state. * * *."

Under the writ of error herein, we again consider the same facts, respond to the same questions arising thereon, and finality follows our answers. The facts have not changed. Further consideration has not altered our conclusion so ably expressed in the former opinion, but for the purposes of the present case, further amplification seems desirable.

The question now presented is whether the policy in suit is subject to the Colorado laws. Nothing is presented contrary to the proposition that if the policy is subject to the Colorado statutes, the judgment is correct. Briefly stated, the contention of the company is, that because it executed the policy in Iowa and caused its policy to contain provisions to the effect that it was to be controlled by the laws of Iowa, therefore, the provision of the policy, "This policy shall be incontestable after two years from date except for non-payment of premiums or fraud," governs, instead of the provisions of the Colorado statutes. In other words it contends that the company can solicit business in Colorado—and that it did so is not denied—that it can receive applica-

tions resulting from such solicitation, upon which it can deliver policies to residents of Colorado contrary to the statutes of Colorado, and say for itself, within its policy, that it is not to be controlled by the statutes of Colorado; that it can violate the laws thereof, and obtain all the advantages of doing business in the state without bearing the attendant burdens. If the company was doing business in Colorado, and we now affirm what we have before said, that it was, then the pertinent provisions of our statutes entered into and became a part of the insurance contract that was to be, and was, delivered to the insured in this state and could not be contracted out. Operation of the law read into every contract of insurance procured or delivered within the state these statutory provisions. It was unlawful for the company to deliver the policy in this state, which it admittedly did, without incorporating therein: "A provision that the policy shall constitute the entire contract between the parties and shall be incontestable after it shall have been in force during the lifetime of the insured for two years from its date * * *." S. L. '27, p. 449, c. 115, §1, Par. (2). To permit this company, or any other foreign insurance company, by any means of solicitation, to do business in this state and deliver its policies upon the lives of residents of this state who are unfamiliar with insurance laws and who are not required to know that it has or has not complied with the Colorado statute, would be to sanction outrages that could easily follow, and be contrary to public policy which fosters individual protection.

The regulation of insurance companies and their policy provisions is within the police power of the state which through its legislature may, within reasonable limits, prescribe the terms of such contracts. It was a reasonable exercise of this power for the general assembly to fix the two year limitation appearing in the above quoted statute because that period obviously is a time within which, by the exercise of proper diligence,

the insurer may discover any fraud perpetrated in the procurement of a policy, and within which it may protect itself against any such fraud. When the company in this case delivered its policy to the applicant in Colorado —her residence—it was transacting business in Colorado (32 C. J. 996). When it transacted business in Colorado, it had to yield to provisions of the state statutes regulating such business, which provisions became a part of its contract, and it could not, by stipulation therein, immunize itself from such reasonable regulations as affect the public interest.

The judgment is right and is affirmed.