No. 22325.

WHITE-RODGERS CO. *v.* THE DISTRICT COURT OF WELD COUNTY, COLORADO; HONORABLE DONALD A. CARPENTER, JUDGE OF SAID COURT; THE RECTORS, WARDEN AND VESTRY-MEN OF TRINITY PARISH OF GREELEY, COLORADO; AND CHAS. V. YOUNG.

(418 P.2d 527)

Decided September 26, 1966.    Rehearing denied October 24, 1966.

492

Wood, Ris & Hames, Thomas T. Crumpacker, for petitioner.

White & Steele, John E. Clough, for respondents.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS is an original proceeding in which petitioner, White-Rodgers Co., seeks the issuance of a writ of prohibition directed to the District Court of Weld County and the respondent judge thereof to prevent them from proceeding in an action pending in that court.

White-Rodgers Co. was named as one of several defendants in an action brought in the District Court by the Respondents, The Rectors, Wardens and Vestrymen of Trinity Church of Greeley, Colorado, and Charles V. Young. The suit seeks damages for negligence and breach of warranty in the manufacture of a defective diaphragm gas valve which allegedly caused an explosion and fire at the Trinity Church in Greeley on March 1, 1963.

Petitioner, White-Rodgers Co., will be referred to by name. The various respondents will be referred to as respondents.

In the district court, White-Rodgers Co. filed a Motion to Quash Return of Service of Process on the ground that the White-Rodgers Co. was not transacting business in the State of Colorado. The district court denied the motion, and thereupon the petition was filed in this action. We issued a Rule to Show Cause. Respondents have answered the Rule and have placed before us the pleadings and affidavits upon which the trial court based its conclusion that White-Rodgers was in fact "doing business" in Colorado.

White-Rodgers Co. filed an affidavit in support of its Motion to Quash Return of Service from which the following facts appear:

White-Rodgers Co. is a Missouri corporation not licensed to do business in Colorado. At the request of Crane Company, a New York corporation, White-

Rodgers Co. manufactured the diaphragm gas valve in question and Crane Company incorporated the valve into a boiler manufactured in New York. Apparently the boiler then was put into the normal stream of commerce and ultimately found its way to Trinity Church in Greeley, Colorado. The valve allegedly caused the explosion and fire in Trinity Church.

White-Rodgers Co. maintains one employee in Colorado, Paul T. Williams. His activities cover a ten state area including Colorado. He resides in Colorado and spends part of his working time in Colorado. His duties involve sales of merchandise to independent distributors and wholesalers in his territory. Orders are sent to the home office in St. Louis for approval and evidently shipment is then made directly to the buyer. After delivery, Williams also performs "trouble shooting" activities when customer problems arise. He maintains a desk and filing cabinet in his home for the company, and White-Rodgers Co. is listed in the Denver Telephone Directory at Paul Williams' home address and home telephone number.

The briefs in this proceeding are devoted in large part to lengthy discussions of Colorado's so-called "long-arm" statute. Colo. Sess. Laws 1965, Ch. 119. White-Rodgers Co. contends that the cause of action "did not arise out of their doing business in the state of Colorado and required by that statute." Respondents rely on the same statute to sustain the service. We think it is not necessary to rely on the said statute to sustain the jurisdiction of the court under the facts presented here. Service of process in the district court was not made outside of Colorado, but was made upon Paul T. Williams at his home in Westminster, Colorado. Chapter 119, Sec. 2, sub-section 3, expressly states that:

"Nothing contained in Section 2 of this Act shall limit or affect the right to serve any process as prescribed by the Colorado Rules of Civil Procedure."

It is evident that this Act was passed by the Legisla-

ture in order to *extend* rather than to *limit* the jurisdiction of the courts of the state.

Under Rule 4 (e), R.C.P. Colo., service is proper upon the agent of a foreign corporation if made within the state. *Hibbard, Spencer, Bartlett & Co. v. District Court,* 138 Colo. 270, 332 P.2d 208.

The trial court made a finding of fact that under the circumstances outlined in the affidavit White-Rodgers Co. was doing business in Colorado. White-Rodgers Co. in its brief states:

"The limited activities carried on by Paul T. Williams in the state of Colorado do not amount to transacting business within the meaning of Chapter 119. However, petitioner does not challenge this finding in this proceeding. * * *"

Thereafter, however, it is stated in the brief:

"The limited sales activities of White-Rodgers in the ten state western area do not constitute transacting business sufficient to submit it to jurisdiction in Colorado. * * *"

It becomes our duty, therefore, to determine whether the finding of the trial court that it had jurisdiction over White-Rodgers is sustainable under the facts presented by the affidavit; and, if those facts support the finding of the trial court, we will not disturb it. *Hibbard, Spencer, Bartlett & Co. v. District Court, supra.*

The United States Supreme Court has repeatedly broadened the permissible area for the exercise of state jurisdiction over foreign corporations. After reviewing the extensive history of such suits, that Court stated:

"Due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 102.

Subsequent cases have held that transactions carried on in a state wholly by mail may be sufficient to constitute a doing of business within the state sufficient to enable the state to exercise *in personam* jurisdiction over the corporation. *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S. Ct. 199, 2 L. Ed.2d 223; *Union Mut. Life Co. v. District Court,* 97 Colo. 108, 47 P.2d 401; *Stephenson v. Duriron Co.,* 401 P.2d 423 (Alaska, 1965.)

■■ While it is clear that casual or intermittent presence of the corporation's agent within the state is not enough to support *in personam* jurisdiction based upon service on an agent, *Begole Aircraft Supplies, Inc. v. Pacific Airmotive Corp.,* 121 Colo. 88, 212 P.2d 860; *International Harvester Co. v. Commonwealth of Kentucky,* 234 U.S. 579, 34 S. Ct. 944, 58 L. Ed. 1479, the Supreme Court has held that when the activities of the agent are such as to constitute a continuous course of dealings within the state, due process is not denied by the exercise of *in personam* jurisdiction through service on the agent in the state. *St. Louis S.W. R. Co. v. Alexander,* 227 U.S. 218, 33 S. Ct. 245, 57 L. Ed. 486; *International Harvester Co. v. Commonwealth of Kentucky, supra.* The activities of even a single salesman certainly may be sufficient to constitute the doing of business within a state even though those activities do not involve the actual concluding of contracts but involve only solicitation of orders and service calls. *Frene v. Louisville Cement Co.,* 134 F.2d 511 (D.C. Cir. 1943). As long as personal service is had within the state, the action itself need not arise out of the activities of the agent within the state. *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485; *William I. Horlick Co. v. Bogue Electric Mfg. Co.,* 146 F.Supp. 347 (D. Mass. 1956); *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 115 N.E. 915.

■ In the instant case, White-Rodgers Co. had an agent in Colorado who maintained a company office in his home and his home telephone was also listed under

the company's name. He solicited orders, forwarded correspondence, and in furtherance of his principal's interests he acted as a "trouble shoooter" when needed. See *Frene v. Louisville Cement Co., supra.* We held that the evidence before the court by reason of the affidavits presented sufficient grounds upon which the trial court might properly find, as it did, that White-Rodgers Co. was doing business within the state of Colorado. We have been referred to a recent decision of the United States District Court for the District of Colorado which holds that these activities of this same company are not sufficient to constitute "doing business" within the state of Colorado. *Elliott v. Edwards Engineering Corp.,* Civil No. 8757, D. Colo. May 4, 1965. With this conclusion we do not agree. The activities of White-Rodgers Co., through its agent, were systematic and continuous. The activities were carried on over a period of years. Having thus availed itself of the advantages of doing business in this state, the company cannot now be heard to complain when it is made amenable to the jurisdiction of the courts of this state. It certainly cannot be said that the "minimum contacts" rule is not met here or that the maintenance of this suit would offend traditional notions of fair play and substantial justice. *McGee v. International Life Ins. Co., supra.* So long as the dictates of federal due process are met, what constitutes doing business within a state is a matter of *state* law. *Elliott* is based primarily on an assumption that the claim here did not arise out of the business done in this state. While that is one factor that may be considered, we have, in promulgating state law on this subject, clearly indicated in *Colorado Builders Supply v. Hinman Bros.,* 134 Colo. 383, 304 P.2d 892, that this is not necessarily the controlling element in determining whether the corporation has sufficient contacts in this state to subject it to the jurisdiction of the courts of this state when service is made within the state. We are not told by the affidavit the amount of

business which White-Rodgers carries on in Colorado through its agent; and the fact that in proportion to the total time spent by the agent in his territory, the amount of time he spends in Colorado is small is of no moment. Much business can be carried on in a small amount of time. We decline to follow *Elliott v. Edwards Engineering Corp., supra,* and we hold that as a matter of state law the finding of the trial court in this case that White-Rodgers Co. is doing business within the state of Colorado is proper and not against the manifest weight of the evidence.

Since the record before us is devoid of any actual copy of the process served, and since no other errors are apparent from the record, we must assume that the process was in all other respects regular.

The rule is discharged.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ not participating.