## No. 27484

**Pioneer Astro Industries, Inc., an Illinois corporation v. District Court in and for the County of El Paso, and the Honorable George M. Gibson, one of the Judges of said Court**

(566 P.2d 1067)

Decided July 25, 1977.

Alan W. Stevenson, for petitioner.

Rector and Retherford, Leo W. Rector, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

In this original proceeding, petitioner, Pioneer Astro Industries, Inc., an Illinois corporation, seeks relief from the order of respondent El Paso County District Court denying petitioner's motion to quash and dismiss. We issued our rule to show cause, which we now make absolute.

Norbert K. Monatt, plaintiff in the district court, filed a complaint against petitioner and its officers, Harold, Malcolm and Joseph Arnsteen, alleging breach of an employment contract. Petitioner moved to quash service and to dismiss the complaint, alleging (1) that petitioner lacked minimal contacts with Colorado for long-arm jurisdiction; (2) that it had no agent, officer or shareholder in Colorado upon whom service of process could be made; and (3) that it did not own, use or possess real property in Colorado. The motion also stated that petitioner was uncertain whether plaintiff claimed service of process in Colorado or Florida, and that service under either theory was improper.

A hearing on petitioner's motion was held on February 5, 1976. The court granted petitioner's motion to quash for lack of sufficient jurisdictional allegations in the complaint which would bring the claim within the long-arm statute. Plaintiff was granted leave to amend the complaint.

The return of service on petitioner had not been filed prior to the hearing on the motion. The record is unclear whether petitioner's attorney had seen the return of service at the time of the hearing. In any event, the return showed that service had been made in Dade County, Florida, on Joan Arnsteen as business agent of the petitioner corporation. In fact, Joan Arnsteen was not an officer or business agent of the petitioner but was the wife of one of the corporate officers.

Thereafter, plaintiff filed an amended complaint on February 20, 1976, which added allegations of jurisdictional facts to the original complaint. Petitioner again filed a motion to quash and dismiss, accompanied by affidavits of Harold and Malcolm Arnsteen controverting plaintiff's jurisdictional averments and showing that Joan Arnsteen was never an

officer, manager or agent of petitioner. After the hearing on May 3, 1976, the court denied the motion and the record is silent as to the reasons therefor.

Petitioner contends that respondent court exceeded its jurisdiction in denying petitioner's motion to quash and dismiss. Specifically, petitioner argues that (1) its contacts with Colorado are insufficient to confer long-arm jurisdiction on the court, and (2) service of process on petitioner was improper.

## I.

Section 13-1-124, C.R.S. 1973, the long-arm statute, provides:
"(1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:
"(a) The transaction of any business within this state."
As we held in *Texair Flyers v. Dist. Ct.*, 180 Colo. 432, 506 P.2d 367, a plaintiff seeking to invoke the long-arm jurisdiction of the court under section 13-1-124
"* * * must allege in the complaint sufficient facts to support a reasonable inference that defendants engaged in conduct described in the statute which subjects them to *in personam* jurisdiction. This burden having been met, the process is not vulnerable to a motion to quash based upon lack of jurisdiction. * * *"

Although here, as in *Texair*, the defendant (petitioner) filed affidavits disputing the plaintiff's jurisdictional allegations, the plaintiff need only make "[a] prima facie showing of threshold jurisdiction * * * and this may be determined from the allegations of the complaint." *Texair Flyers v. Dist. Ct., supra. See Product Promotions, Inc. v. Cousteau,* 495 F.2d 483 (5th Cir. 1974); *Block Industries v. DHJ Industries, Inc.,* 495 F.2d 256 (8th Cir. 1974); *Ghazoul v. International Management Services, Inc.,* 398 F. Supp. 307 (S.D. N.Y. 1975); *Oxford First Corp. v. PNC Liquidating Corp.,* 372 F. Supp. 191 (E.D. Pa. 1974). Plaintiff's allegation that petitioner is transacting business in Colorado, supported by ten factual assertions appearing in the amended complaint, is sufficient to withstand petitioner's motion to dismiss under C.R.C.P. 12(b)(2).

## II.

Respondent court, however, erred in denying petitioner's motion to quash service of process under C.R.C.P. 12(b)(4). The summons and complaint against petitioner were served on Joan Arnsteen, as business agent. The uncontradicted affidavit of Harold Arnsteen states that his wife, Joan Arnsteen, "is not now nor has she ever been, an officer, manager, general agent, registered agent, or any kind of agent" for

petitioner. Consequently, petitioner has not been properly served under C.R.C.P. 4(e)(5) and (f)(2).

Respondent does not deny that petitioner was improperly served, but instead contends that petitioner waived this objection by failing to raise it in its motion to quash and dismiss plaintiff's original complaint. Respondent relies on *County Comm. v. Dist. Ct.*, 172 Colo. 311, 472 P.2d 128, where we held that if a party making a motion under C.R.C.P. 12(b) fails to raise the defense of lack of personal jurisdiction and insufficient service "and such defenses were available to him at the time the motion was made," these defenses are waived.

But here, the record shows clearly that the defense of insufficient service, which was raised in the first motion to quash, was not ruled upon by the court. The court considered the complaint as not stating a claim for failure to include allegations of long-arm jurisdiction, and the plaintiff then asked leave to amend so as to incorporate the necessary jurisdictional allegations. The matter of improper service was left in abeyance. We find no waiver of the defense of insufficiency of service of process under these circumstances and hold that it was error for the court to deny the motion to quash the summons for improper service.

Rule made absolute.