Richard E. O'BRIEN, and Econ-O-Placer, Inc., a Colorado corporation, Plaintiffs-Appellees,

v.

William L. EUBANKS, Jr., individually, and Kemco Industries, Inc., a Texas corporation, Defendants-Appellants.

No. 83CA1172.

Colorado Court of Appeals, Div. II.

Dec. 27, 1984.

Rehearing Denied Jan. 24, 1985.

Certiorari Denied May 6, 1985.

Swartz & Gruskin, Lawrence B. Swartz, Jeanne M. Cochran, Denver, for plaintiffs-appellees.

James D. Evans, Aurora, for defendants-appellants.

STERNBERG, Judge.

The defendants, William Eubanks individually, and Kemco Industries, Inc., a Texas Corp. of which Eubanks is president, appeal from the trial court's entry of default judgment against them, and its denial of their motions to vacate that judgment. Each defendant contends that the judgment should be vacated because the court lacked personal jurisdiction, and because the case should have been dismissed under the doctrine of *forum non conveniens.* We affirm as to defendant Eubanks, individually, and reverse as to Kemco.

The plaintiffs filed an action in Colorado against defendants Eubanks and Kemco. There was a pending action in Texas between the parties to this suit. Eubanks was in Colorado on vacation, when, on January 12, 1983, he was personally served both for himself and for Kemco, pursuant to C.R.C.P. 4(e)(1) and 4(e)(5). No answer to the complaint and summons was filed by either defendant.

Subsequently, on February 7, 1983, the court ordered entry of default against them. Prior to entry of judgment of default, defendants entered a special appearance to challenge jurisdiction, and on May 31, 1983, they filed a motion to set aside the default. That motion was denied on June 28, 1983, default judgment was entered on September 9, 1983, and this appeal followed.

Eubanks contends that he was not properly subject to the court's jurisdiction, despite the personal service upon him in Colorado, because he does not have the requisite minimum contacts with the state. We disagree.

■ Where, as in this case, service is made upon a natural person found within the state, the minimum contacts analysis is inapplicable. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In this circumstance, the general rule remains that personal service upon someone within the state confers jurisdiction. *Pennoyer v. Neff*, 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1877); *Ruggieri v. General Well Service, Inc.*, 535 F.Supp. 525 (D.Colo.1982). Hence, because Eubanks was properly served according to the process prescribed by C.R.C.P. 4(e)(1), but did not file an answer asserting any defenses as required by C.R.C.P. 12(a) and (b), default judgment was properly entered against him. C.R.C.P. 55(a).

We also disagree with Eubank's contention that the trial court erred in entering the default judgment and in denying his motion to set aside the default judgment. The statutory standards for setting aside a default judgment are specified in C.R.C.P. 55(c), *i.e.*, "for good cause shown" and C.R.C.P. 60(b), *i.e.*, "for mistake, inadvertence, surprise, or excusable neglect."

■ Here, Eubanks has not alleged or offered proof of any defenses to the action, or shown good cause for his failure to file a timely response. Instead, he depends on his contentions that the trial court lacked jurisdiction over him, or should have dismissed because of *forum non conveniens*. We have concluded that the court did have jurisdiction over Eubanks, and we discern no abuse of discretion in the court's failure to dismiss under the doctrine of *forum non conveniens. See McDonnell-Douglas Corp. v. Lohn*, 192 Colo. 200, 557 P.2d 373 (1976).

■ Although Eubanks was not notified of the motion for entry of default judgment in accordance with C.R.C.P. 55(b)(2), we do not set aside the default judgment. He was notified in writing of both the motion for entry of default judgment and the damages requested, despite his statement that his only interest in the case was that he have notice so he could file a timely appeal. He admitted he had actual notice of the hearing but chose not to appear and defend. *Cf. Bernhagen v. Burton*, 694 P.2d 880 (Colo.App.1984) (default judgment set aside where defendant had no notice of the entry of default). Under these circumstances, where defendant has actual notice and has indicated his intention not to appear and defend, the lack of technical compliance with the requirements of the rule does not mandate setting aside the default judgment. *See Civil Service Commission v. Doyle*, 162 Colo. 1, 424 P.2d 368 (1967); *but cf. R.F. v. D.G.W.*, 192 Colo. 528, 560 P.2d 837 (1977).

Therefore, because Eubanks was properly before the court, and offered no showing of excuse or good cause sufficient to justify setting aside the judgment, we find no abuse of discretion in the trial court's refusal to grant Eubanks his requested relief.

■ However, we agree with defendant Kemco that service of process on Eubanks

as its president was insufficient to give Colorado jurisdiction. Eubanks was not in Colorado to do business for the company. Because there were no other contacts between Kemco and Colorado, the transitory and non-business related presence of its president could not support finding the corporation's presence within the state to be sufficient to confer jurisdiction under C.R.C.P. 4(e)(5). *See Begole Aircraft Supplies, Inc. v. Pacific Airmotive Corp.,* 121 Colo. 88, 212 P.2d 860 (1949); compare *White-Rodgers Co. v. District Court,* 160 Colo. 491, 418 P.2d 527 (1966) (service upon an agent of a foreign corporation which regularly and systematically does business in the state is sufficient to confer jurisdiction); with *Van Shaack & Co. v. District Court,* 189 Colo. 145, 538 P.2d 425 (1975) (a single transaction of business within the state was sufficient to satisfy minimum requirements for *in personam* jurisdiction so long as the action was based on a contract which had a substantial connection with that state).

■ Because a judgment rendered without jurisdiction over the party is void, *Whitten v. Coit,* 153 Colo. 157, 385 P.2d 131 (1963), the default judgment against Kemco must be vacated. *Weaver Construction Co. v. District Court,* 190 Colo. 227, 545 P.2d 1042 (1976).

The judgment is affirmed as to Eubanks and is reversed as to Kemco Industries, Inc., and the cause is remanded to the district court with directions to vacate the default judgment against Kemco Industries, Inc.

ENOCH, C.J., and KELLY, J., concur.