**David H. BERNHAGEN and Linda C. Bernhagen, Plaintiffs-Appellees,**

v.

**William BURTON, d/b/a Burton Construction Company, Defendant-Appellant.**

**No. 83CA1409.**

Colorado Court of Appeals, Div. II.

Dec. 27, 1984.

Bruce I. Gordon, Aspen, for plaintiffs-appellees.

Garfield & Hecht, P.C., Katherine Hendricks, Jeremy M. Bernstein, Aspen, for defendant-appellant.

STERNBERG, Judge.

The defendant, William Burton, appeals the trial court's denial of his motion to vacate a default judgment entered against him. He contends that the entry of the default judgment was error because his answer to plaintiffs' complaint was timely filed. We reverse.

In April 1978, the plaintiffs, David and Linda Bernhagen, brought an action against the defendant, several insurance companies, and an architect, alleging that their home had been damaged by lateral earth pressure. In an amended complaint, filed in September 1978, they alleged the damage had been caused by a rupture in a water service line, structural weakness of the walls or both, and that such damage was covered by the respective insurance

policies. In February 1980, the court granted summary judgment in favor of the insurance companies. The architect has never been served.

Both the original and amended complaints were served on the defendant. Defendant did not file an answer at that time, however, because the parties had filed a stipulation in June 1978 providing that defendant need not answer until 10 days after written notice from plaintiffs. In August 1980, the plaintiffs filed with the court a copy of a letter to defendant, requesting an answer to the amended complaint. There is no record of any certificate of service, proof of mailing, or any other proof of delivery or receipt of this letter. Subsequently, in February 1982, the clerk entered default pursuant to C.R.C.P. 55(a); again, defendant received no notice.

In April 1983, the defendant received notice pursuant to C.R.C.P. 55(b)(2) of the plaintiffs' motion for the entry of judgment on the previously entered default. Defendant promptly responded by filing an answer, asserting meritorious defenses, and filing a memorandum in opposition to the motion. In June 1983, the court granted plaintiffs' motion and entered final judgment, by default, against defendant, and certified the case for appeal under C.R.C.P. 54(b). Defendant's timely motion to vacate the judgment was denied, and this appeal followed.

Defendant contends that the entry of default judgment was error because his answer was timely filed. We agree.

■ The parties entered into, and filed with the court, a stipulation that waived the required time for responsive pleading provided in C.R.C.P. 12, and provided instead that defendant would have 10 days following written notice from plaintiffs to answer. This stipulation did not specify how written notice was to be given; however, we conclude that the notice to respond is subject to the provisions of C.R. C.P. 5.

■ There is nothing in the record to indicate that the service requirements of C.R.C.P. 5(b) have been fulfilled: there is no certificate of mailing or proof of receipt

by in-hand service, and there is no other evidence that the letter had been mailed or that defendant had actual notice of the need to respond. Furthermore, because this defendant had not received the co-defendant's pleadings and motions, or even notice of the summary judgments, *see* C.R. C.P. 5(a), he was not on notice that this was an active case requiring him to check the court record frequently. Under these circumstances, plaintiffs' notice to respond was insufficient to serve as the basis of a default by defendant.

■ Moreover, defendant's first verifiable notice that his answer was required was the notice of plaintiffs' motion for entry of judgment on the default which was served pursuant to C.R.C.P. 55(b)(2), and he responded promptly with an answer. We conclude that because no proper request for the answer had yet been made, the responsive pleading was timely filed. Therefore, the trial court's entry of the default judgment was error.

The judgment is reversed, and the cause remanded with directions to reinstate defendant's answer, and for further proceedings.

SMITH and KELLY, JJ., concur.