**Andrew R. SANDS, Plaintiff,**

v.

**VICTOR EQUIPMENT COMPANY, a Texas Corporation, Defendant.**

**Civ. A. No. 85–K–1537.**

United States District Court, D. Colorado.

Sept. 10, 1985.

Richard L. Shearer, Calkins, Kramer, Grimshaw & Harring, Denver, Colo., for plaintiff.

Britton White, and Wendy C. Fleming, Holland & Hart, Denver, Colo., for defendant.

## ORDER

KANE, District Judge.

Andrew Sands, a resident of Colorado, filed this diversity action against Victor Equipment Company, a Texas corporation. Defendant has moved to dismiss for lack of personal jurisdiction. It argues that personal jurisdiction is not authorized by Colorado's long-arm statute and violates due process.

Sands was injured when an acetylene torch exploded as he attempted to light it. The acetylene torch was purchased by his employer, a Montana corporation. The explosion, and resultant injuries to Sands, occurred in Oklahoma.

Victor has no offices, no manufacturing facilities, no certificate of authority, no agent, and no bank accounts in Colorado. It does maintain one sales representative for a four-state region, and that sales agent resides in Colorado. Some of its products are also distributed in Colorado, but plaintiff does not set forth which products. Several authorized distributors of Victor welding equipment are listed in one small advertisement in the Denver Yellow Pages. The sole question before me is whether this court may exert personal jurisdiction over Victor based on these alleged contacts.

## I.

▮ A plaintiff need only make a prima facie showing of jurisdiction to withstand defendant's motion to dismiss. *Pioneer Astro Industries, Inc. v. District Court,* 193 Colo. 409, 566 P.2d 1067 (1977). It is appropriate, however, in determining whether a prima facie showing has been made, that the court consider the allegations in the complaint, any affidavits submitted, and evidence presented at the hear-

ing on the motion to dismiss. *Panos Investment Company v. District Court,* 662 P.2d 180 (Colo.1983); *Fleet Leasing, Inc. v. District Court,* 649 P.2d 1074 (Colo.1982).

## II.

▮ In diversity cases, the federal court's jurisdiction is coextensive with the state court's. *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525 (D.Colo. 1982). A federal court must decide this jurisdictional question based on case law interpreting Colorado's long arm statute, C.R.S. § 13–1–124(1)(a), which provides:

*Engaging in any act* enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative, to the jurisdiction of the courts of this state concerning any cause of action *arising from* :

(a) *The transaction of any business within this state;*

(b) The commission of a tortious act within this state;

(c) The ownership, use, or possession of any real property situated in this state; or

(d) Contracting to insure any person, property, or risk residing or located within this state at the time of contracting.

(Emphasis added.) The Supreme Court of Colorado has held that C.R.S. § 13–1–124 is intended to allow Colorado courts to assert jurisdiction to the maximum extent permissible under due process. *See, e.g., Le Manufacture Francaise des Pneumatiques Michelin v. District Court, Colorado,* 620 P.2d 1040, 1044 (1980).

## III.

Since personal jurisdiction is generally determined on a case-by-case basis, *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525, 531 (1982), the facts in this case will determine whether jurisdiction is appropriate. Significantly, this case dif-

fers from many personal jurisdiction cases insofar as the cause of action arises neither in Colorado nor from the transaction of any business within Colorado. Defendant's contacts with Colorado are unrelated to plaintiff's injury in Oklahoma. In *Fidelity and Casualty Company of New York v. Philadelphia Resins Corporation*, 766 F.2d 440 (10th Cir.1985), the Tenth Circuit held in personam jurisdiction over a non-resident defendant did not exist because "the only contact [defendant] PRC has with Utah which is related to the cause of action is the fact that a PRC product happened to fail and cause damage in the State." *Id.* at 447. The court noted that "PRC also has contacts in Utah (which we assume reach the state) and sales of other products there, but these unrelated contacts are likewise insufficient to support the exercise of *in personam* jurisdiction." *Id.* In a footnote, the court noted that Utah's long-arm statute authorized jurisdiction on claims "arising from" certain activities of defendant, and that it is doubtful that the unrelated contacts are even relevant to the jurisdictional inquiry. *Id.*, note 3. The Tenth Circuit did not decide that question, however, and I also decline to do so.

The Tenth Circuit followed the rule enunciated by the Supreme Court that a state is not compelled either to take or decline jurisdiction over a corporation when a cause of action does not arise out of the corporation's activities in the forum state. *Perkins v. Benguet Consolidated Mining Company*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). Contacts which are unrelated to the cause of action must be significantly more substantial than contacts related to the cause of action.[1] A court *may* still take jurisdiction, but the quality and nature of defendant's activities must indicate that such jurisdiction is reasonable and fair.

## IV.

Colorado courts have developed their own tests for determining the existence of in personam jurisdiction. Colorado "consistently has distinguished between cases in which jurisdiction is sought based on a single isolated incident, and cases in which jurisdiction is predicated on allegations of continuous, substantial conduct in the forum state." *Behagen v. Amateur Basketball Association of U.S.A.*, 744 F.2d 731, 734 (10th Cir.1984, *cert. denied*, —— U.S. ——, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Where a single act or a minimum contact is the basis of jurisdiction, Colorado has adopted a three-pronged test in determining whether the activity of the non-resident falls within the limits of in-personam jurisdiction:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Van Schaack v. District Court*, 189 Colo. 145, 147, 538 P.2d 425, 426 (1975), *quoting White Lumber Sales, Inc. v. Sulmonetti*, 252 Or. 121, 448 P.2d 571 (1968).

*Waterval*, 620 P.2d at 9. On the other hand, where "there are substantial continuous contacts with the forum state, jurisdiction may be found even when the cause of action does not arise out of the forum related activity." *Id.*, *quoting Tucker v. Vista Financial Corp.*, 192 Colo. 440, 443, 560 P.2d 453, 456 (1976). As summarized in 2 J. Moore, *Federal Practice*, ¶ 4.25[5] (1980):

> If there are substantial contacts with the state, for example a substantial and continuing business, and if the cause of action arises out of the business done in

---

[1]. Of course, if the cause of action arises from a single transaction in the forum state, jurisdiction *may* be based on that single transaction.

*McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

the state, jurisdiction will be sustained. If there are substantial contacts with the state, but the cause of action does not arise out of these contacts, jurisdiction may be sustained. If there is a minimum of contacts, and the cause of action arises out of the contacts, it will normally be fair and reasonable to sustain jurisdiction. But if there is a minimum of contacts, and the cause of action does not arise out of the contacts, there will normally be no basis of jurisdiction, since it is difficult to establish the factors necessary to meet the fair and reasonable test.

Applying *Perkins*, Colorado courts have generally taken jurisdiction in cases where the cause of action does not arise out of the forum related activity if the defendant has substantial, continuous contacts with the forum state. *Behagen v. Amateur Basketball Association of U.S.A.*, 744, F.2d 731 (10th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985); *Waterval v. District Court*, 620 P.2d 5 (Colo.1980); *Le Manufacture Francaise v. District Court*, 620 P.2d 1040 (Colo.1980) (en banc). I must decide, therefore, whether defendant's activities in Colorado are of a "continuous and substantial" nature. If I adopt plaintiff's assertion that defendant's contacts with Colorado constitute continuous and substantial contacts, the *Van Shaack* test need not be applied, and jurisdiction may be sustained regardless of whether the cause of action did not arise from defendant's activities. If, on the other hand, the defendant has minimal connection with the forum state, *and* the litigation over plaintiff's injury is totally unrelated to the forum state or to defendant's minimal activities therein, it will be unreasonable to assert that jurisdiction is reasonable and just.

■ Victor distributes some of its products in Colorado, and employs one sales representative in the region. The question,

though, is whether such distribution is "continuous and substantial" and indicates that Victor purposely availed itself of Colorado law.

### V.

In answering this question, I must be guided by the general "minimum contacts" principle enunciated in U.S. Supreme Court cases, including *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In *Helicopteros*, a Colombian corporation had entered into a contract in Texas to provide helicopter transportation to the respondent, a resident of Texas. The Colombian corporation had no place of business in Texas, and had never been licensed to do business there. It merely sent its chief executive officer to Houston to negotiate the contract. One of the helicopters subsequently crashed in Peru, and decedents' survivors brought a wrongful death action in Texas. The Supreme Court held that the foreign corporation's contacts with the forum state were insufficient to support assertion of in personam jurisdiction. Its activities simply did not constitute contact of a "continuous and systematic" nature.

The Supreme Court in *Helicopteros* further held that the cause of action did not rise out of or relate to the corporation's activities within the forum state. "[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." at ——, 104 S.Ct. at 1874, 80 L.Ed.2d at 413.[2] While I could distinguish the facts before us from *Helicopteros* by pointing to the Yellow Pages ad as a deliberate effort of Victor to serve the Colorado market, I find much more significant the fact that there is *no* connection or relationship between plaintiff's un-

---

2. The dissent argues that Helicol purposefully availed itself of the benefits and obligations of the forum, and that there was a direct relationship between the underlying cause of action and Helicol's contacts with the forum state.

derlying cause of action and Victor's contacts with Colorado. In *Helicopteros*, the Supreme Court did not find significant contacts even though the helicopter service out of which the cause of action arose was contracted for in Texas. Certainly plaintiff's injury in Oklahoma is more unrelated to Victor's activities in Colorado than decedents' deaths were to the corporation's activities in Texas in *Helicopteros*.

I must also distinguish *Vandermee v. District Court*, 164 Colo. 117, 433 P.2d 335 (1967), which, at first reading, appears to require that I take jurisdiction. In *Vandermee*, defendant's distributor handled all phases of defendant's sales in the state. The Colorado Supreme Court held that this constituted minimal contact in Colorado because it set up channels of sales promotion and distribution for the purpose of selling its products in Colorado. This seems persuasive authority until I note that the accident in *Vandermee* took place in Colorado. Thus the minimum contacts requirement in *Vandermee* was satisfied by the existence of a distribution system. As explained above, *supra* page 1534, *Perkins* clearly suggests a court should refuse to take jurisdiction when the cause of action does not arise out of the corporation's activities in the forum state unless more significant contacts are found. I find that the mere existence of some unspecified distribution system in a state, where the cause of action is unrelated to such distribution system, does not satisfy the minimum contacts test. The advertisement in the Yellow Pages does not help plaintiff. Plaintiff has failed to set forth contacts of a continuous and substantial nature. The second prong of the *Van Shaack* test cannot be met as there is no relationship between the advertisement or the presence of a couple of distributors in Colorado and the accident in Oklahoma. The facts, therefore, do not warrant this court's jurisdiction.

Further, I do not find such a decision inconsistent with the mandate of *World-Wide Volkswagen Corporation v. Wood-son*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), in which the Supreme Court held:

> [I]f the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States *if its allegedly defective merchandise has there been the source of injury to its owner or to others.*

*Id.* at 297–98, 100 S.Ct. at 567 (emphasis added). In the case before us, plaintiff never alleges that defendant's defective merchandise was the source of injury in Colorado.

I am now left only with considerations of fairness to the plaintiff, a Colorado resident. If this case is dismissed, he will be forced to litigate in another forum, a considerable distance from Colorado. As the plaintiff is not a corporation, such a result would place a considerable burden, financially as well as in terms of time involved, on him. I do not find in this case, however, that fundamental fairness warrants this court's assumption of jurisdiction in a case so totally unrelated to Colorado. Plaintiff's residence alone cannot form the basis for this court to assert in personam jurisdiction over the defendant. As I have explained at length above, the contacts between Victor and Colorado do not rise to the level of continuous and substantial contacts which justify this court in asserting in personam jurisdiction over Victor.

It is therefore ORDERED that this complaint and civil action are dismissed for lack of in personam jurisdiction over defendant. Each party is to bear his/its own costs.