Kurt SCHLESINGER and John Simon Werner, Plaintiffs,

v.

The MERRILL PUBLISHING COMPANY d/b/a Charles E. Merrill Publishing Company, a Delaware corporation, Defendant and Third–Party Plaintiff,

v.

SCOTT, FORESMAN AND COMPANY, Third–Party Defendant.

Civ. A. No. 87–C–467.

United States District Court, D. Colorado.

Dec. 22, 1987.

William D. Meyer, Hutchinson, Black, Hill & Cook, Boulder, Colo., for plaintiffs.

Jeffery M. Grass, The Law Firm of Mike Hilgers, Arvada, Colo., for defendants and third-party plaintiff.

Gordon G. Greiner, Andrew I. Gavil, Denver, Colo., for third-party defendant.

## ORDER

CARRIGAN, District Judge.

This action is before me on the third-party defendant's motion to dismiss the defendant's third-party complaint for lack of personal jurisdiction. This case originally was filed in the District Court for the County of Boulder, Colorado, and was removed by the defendant to this court. Plaintiffs are Colorado residents who allege that the defendant, Merrill Publishing Company ("Merrill"), entered into a contract with them in January 1983 agreeing to publish a textbook written by the plaintiffs. Plaintiffs seek damages arising out of the defendant's alleged breach of that contract. Defendant is a Delaware corporation with its principal place of business in Ohio.

Defendant has filed a third-party complaint against the third-party defendant Scott, Foresman & Company ("Scott, Foresman") alleging that Scott, Foresman, a Delaware Corporation with its principal place of business in Illinois, had agreed to indemnify the defendant for any damages the plaintiffs might recover from the defendant arising out of the defendant's publishing contract with the plaintiffs. Specifically, the defendant as third-party plaintiff, asserts that it and the third-party defendant entered into a purchase agreement in April 1986 under which the third-party defendant bought certain assets of the defendant, including the January 1983 contract between the plaintiffs and the defendant. Defendant contends that the third-party defendant agreed to assume the defendant's obligation of publishing the plaintiffs' manuscripts and paying the plaintiffs royalties. The issue of whether there is personal jurisdiction over the third-party defendant has been briefed and oral argument would not assist my decision.

In a diversity case personal jurisdiction "is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." *Halliburton Co. v. Texana Oil Co.*, 471 F.Supp. 1017, 1018

(D.Colo.1979) (*citing Litvak Meat Co. v. Baker*, 446 F.2d 329, 331 (10th Cir.1971)); *Associated Inns and Restaurant Co. v. Development Assocs.*, 516 F.Supp. 1023 (D.Colo.1981). Personal jurisdiction over the third-party defendant in this case, therefore, must comply with both Colorado's long-arm statute, Colo.Rev.Stat. § 13–1–124, and the due process clause of the Fourteenth Amendment.

Section 13–1–124 provides that Colorado courts have jurisdiction over "any cause of action arising from ... [t]he transaction of any business within this state ..." The Colorado Supreme Court's interpretation of Colorado's long-arm statute extends jurisdiction to the maximum extent allowed by the due process clause, *Mr. Steak, Inc. v. District Court*, 194 Colo. 519, 521, 574 P.2d 95, 96 (1978), "so these two tests are now congruous." *Associated Inns*, 516 F.Supp. at 1025.

Fourteenth Amendment due process precludes asserting personal jurisdiction over a nonresident defendant unless the defendant has minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *See Burger King v. Rudzewics*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). A nonresident defendant must by word or conduct purposefully avail itself of the laws of the forum state to an extent which implies that the defendant "should reasonably anticipate being haled into court there." *Worldwide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Courts applying Colorado law consistently have distinguished "between cases in which jurisdiction is sought based on a single isolated incident, and cases in which jurisdiction is predicated on allegations of continuous, substantial conduct in the forum state." *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 734 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Where a single act or a minimum contact is

the basis of jurisdiction, Colorado has adopted a three-pronged test to determine whether the activity of the nonresident falls within the limits of *in personam* jurisdiction:

(1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state;"

(2) "the cause of action must arise from the consequences in the forum state of the defendant's activities;" and

(3) "the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Van Schaak & Co. v. District Court*, 189 Colo. 145, 147, 538 P.2d 425, 426 (1975).

*See Sands v. Victor Equipment Co.*, 616 F.Supp. 1532 (D.Colo.1985).

In contrast, where "'there are substantial continuous contacts with the forum state, jurisdiction may be found even when the cause of action does not arise out of the forum related activity.'" *Waterval v. District Court*, 620 P.2d 5, 9 (Colo.1980) (citations omitted); *Sands*, at 1534; *See Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952) (when a claim does not arise out of or relate to a foreign corporation's activities in the forum state, the court has a choice of either taking or declining jurisdiction over the corporation); *Behagen, supra*, 744 F.2d 731; *Le Manufacture Francaise v. District Court*, 620 P.2d 1040 (Colo.1980).

Third-party plaintiff Merrill contends that this court has personal jurisdiction over the third-party defendant because of the third-party defendant's contacts with Colorado. Therefore, I must determine whether the third-party defendant's activities in Colorado have been substantial and continuous. *Sands*, 616 F.Supp. at 1535. If Scott, Foresman's contacts with Colorado are substantial and continuous, the *Van Schaak* test need not be applied, and jurisdiction may be sustained regardless of

whether the third-party plaintiff's claims for relief arise out of the third-party defendant's activities in Colorado. On the other hand, if Scott, Foresman has had only minimal connections with Colorado, and the litigation over the third-party plaintiff's claim is totally unrelated to Colorado or to the third-party defendant's minimal activities here, it would be unreasonable to enforce long-arm jurisdiction. *Id.*

In order to withstand the third-party defendant's motion to dismiss, the third-party plaintiff need only make a prima facie showing of jurisdiction. *Pioneer Astro Indus. v. District Court,* 193 Colo. 409, 566 P.2d 1067 (1977). In determining whether a prima facie showing has been made, it is appropriate to consider the allegations in the third-party complaint and any affidavits submitted. *Fleet Leasing, Inc. v. District Court,* 649 P.2d 1074 (Colo.1982).

Merrill asserts that Scott Foresman has sufficient contacts with Colorado because the latter: (1) entered into a purchase agreement in Illinois that assigned to Scott, Foresman a contract executed in Colorado; (2) markets its instructional materials nationwide, including in Colorado; (3) employs three salespersons and one consultant who reside in Colorado and service the tri-state area of Colorado, New Mexico and Wyoming; and (4) has telephoned and written to the plaintiffs in Colorado regarding the plaintiffs' manuscripts.

The affidavit of the third-party defendant Scott, Foresman's officer, Kathleen J. Deighan, alleges that the company does not maintain any offices, inventory, production or warehouse facilities in Colorado. The salespersons and consultant who reside in Colorado solicit orders to be processed and accepted or rejected at the company's office in Glenview, Illinois. In 1986, the company's sales in Colorado were less than one percent of its total sales. Additionally, Scott, Foresman does not have any bank accounts or own any real property in Colorado. It has no appointed agent for service of process in Colorado, and it is not qualified to do business in Colorado. Third-party plaintiff does not dispute these allegations.

Subsequent to the purchase agreement with the defendant Merrill, the third-party defendant Scott, Foresman wrote to the plaintiffs in Colorado regarding the plaintiffs' manuscripts and it has telephoned the plaintiffs in Colorado. Third-party defendant insists that such contacts were sporadic. While the contract between the plaintiffs and the defendant Merrill was negotiated and executed in Colorado, the purchase agreement between the defendant Merrill and the third-party defendant Scott, Foresman was negotiated and executed in Illinois. Personal service with respect to the third-party complaint was obtained on the third-party defendant in Illinois.

Because there is no major dispute over the facts relevant to jurisdiction, the only issue before me is whether the facts outlined above establish that Scott, Foresman's contacts with Colorado are substantial and continuous.

In *White–Rogers Co. v. District Court,* 160 Colo. 491, 418 P.2d 527 (1966), the defendant had an agent in Colorado who maintained a company office in his home and whose home telephone number was listed under the company's name. The agent solicited orders, forwarded correspondence, and acted as a "trouble shooter" for the defendant. The court held:

> "The activities of [the defendant], through its agent, were systematic and continuous. The activities were carried on over a period of years. Having thus availed itself of the advantages of doing business in this state, the company cannot now be heard to complain when it is made amenable to the jurisdiction of the courts of this state." *Id.* 418 P.2d at 530.

The court also observed that "[t]he activities of even a single salesman certainly may be sufficient to constitute the doing of business within a state even though those activities do not involve the actual concluding of contracts but involve only solicitation of orders and service calls." *Id.* (Citing *Frene v. Louisville Cement Co.,* 134 F.2d 511 (D.C.Cir.1943)).

In the instant case, the third-party defendant has not one, but three, salesper-

sons, plus a consultant, who reside in Colorado. Like the agent in *White–Rodgers*, Scott, Foresman's salespersons solicit orders on behalf the non-resident corporation that employs them. I conclude that the continuous presence of these salespersons and the consultant in Colorado is sufficient alone to constitute substantial and continuous contacts with this forum. Therefore, personal jurisdiction exists over the third-party defendant.

Accordingly, IT IS ORDERED that the third-party defendant's motion to dismiss for lack of *in personam* jurisdiction is denied.